■ In the Matter of MARTIN SHEPHARD, Petitioner, v GORDON M. AMBACH, as New York State Commissioner of Education, et al., Respondents.— Proceeding pursuant to CPLR article 78 initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to review a determination of the Board of Regents which revoked petitioner's license to practice medicine. Martin Shephard was licensed to practice medicine in New York State on August 23, 1961. His specialty was psychiatry. In 1972, a book written by him, A Psychiatrist's Head, was published. It is an explicit narration of various sexual experiences engaged in by petitioner with various men and women, including members of encounter groups which he led. The book jacket states that the tome is autobiographical and the title page says, "This is a true story." A complaint was made to the Education Department against petitioner by letter dated October 18, 1972. On July 23, 1975, the Committee on Professional Conduct charged the petitioner with unprofessional conduct in violation of subdivision 9 of section 6509 of the Education Law. The complaint accused the petitioner of unprofessional

conduct within the purview and meaning of subdivision 9 of section 6509 of the Education Law in that, while engaged in the practice of medicine as a psychiatrist, he engaged in sexual acts with patients and, in that he wrote a book which claimed that as part of his psychiatric treatment of patients he engaged in sexual relations with the patients. It was alternatively charged that if his book were found to be fiction, his allegation of sexual acts with patients as part of his treatment brought medicine and psychiatry into disrepute and held it up to ridicule. After a hearing by a panel of the Committee on Professional Conduct of the State Board of Medicine, the charges, with the exception of the last charge, were found to be established. The panel recommended that his license be revoked but that the revocation be stayed and he be placed on probation for five years. On November 30, 1977, the Regents Review Committee approved the findings but recommended that his license be revoked. This recommendation was adopted by the Board of Regents. His license was ordered revoked on January 30, 1978 by the Commissioner of Education. The petitioner contends that the referral by the Board of Regents of the matter to a review committee upon whose report its own determination was based nullifies the revocation order because section 6510-a and subdivision 5 of section 6510 of the Education Law enacted by the Legislature in 1975 eliminated the Regents Review Committee from disciplinary proceedings involving physicians. We disagree. The statutes referred to became effective September 1, 1975. By their own provisions they did not apply to complaints or proceedings then pending in the Department of Education. This proceeding was begun in October, 1972 and charges were voted on July 23, 1975. Therefore, we conclude that the proper procedure was followed. The petitioner argues that the charges against him were not sustained by legal evidence because they were based solely on a book written by him and not on the testimony of patients complaining of his conduct. The petitioner further alleges that even if the events described in the book are deemed admitted for purposes of argument, they do not involve physician-patient relationships. The language of the section applicable to this case, section 6510 (subd 2, par b) of the Education Law, provides that the determination of guilt shall be based on substantial legal evidence. In article 78 proceedings, the right of appellate review is limited to seeing that the determination before the court is supported by substantial evidence *(Matter of Pell v Board of Educ.,* 34 NY2d 222). It is not then a question of whether the reviewing body would have come to the same conclusion but whether the record contains evidence which might reasonably be accepted to support the conclusion. This record supports the finding that petitioner was guilty of unprofessional conduct as defined in 8 NYCRR 29.1 (b) (5), 29.4 (a) (5) (i). The book, A Psychiatrist's Head, was appropriately admitted in evidence as an admission. Petitioner does not deny that the book is a true story. Petitioner stipulated in the record that the book was autobiographical. Admissions by a party of any fact material to the issue are competent evidence against him (Richardson, Evidence [10th ed, Prince], § 209). Petitioner's argument that the acts described therein did not occur in the course of a professional relationship was a question of fact to be resolved by the triers of fact *(Shapira v United Med. Serv.,* 15 NY2d 200; *O'Neill v Montefiore Hosp.,* 11 AD2d 132). This issue was resolved against petitioner. Such finding was based on the testimony of experts in the field of psychiatry and on the whole record and is supported by substantial evidence. Petitioner contends that the revocation of his license constituted an abuse of discretion by the Board of Regents and that the determination should be vacated. The Court of Appeals has said in *Matter of Pell v Board*

*of Educ. (supra,* p 233), that the test to be applied in reviewing the penalty imposed is whether such punishment is " ' "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness".' " We do not find the penalty imposed to be inappropriate. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.