In the Matter of MARTIN MELTZER, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78, instituted in this court pursuant to subdivision 4 of section 6510-a of the Education Law, to review a determination of the Board of Regents which revoked petitioner's license and registration to practice medicine. Petitioner, a physician, was found guilty of two specifications of professional misconduct, first, by reason of his practicing the profession fraudulently within the meaning of subdivision (2) of section 6509 of the Education Law and, second, by reason of his committing unprofessional conduct within the meaning of subdivision (2) of section 6509 of the Education Law. The hearing panel found that on or about certain dates in 1977, petitioner, under the guise of administering medical treatment to three female patients, did perform immoral, lewd, lascivious, obscene and lecherous acts upon those patients which were unnecessary to the proper medical treatment of the patients. It was recommended by the hearing panel that petitioner's license be revoked but that such revocation be stayed and petitioner be placed on probation for three years. The findings and conclusions of the hearing panel were accepted, but the recommendation of the measure of discipline was modified and petitioner's license to practice medicine was revoked. Petitioner contends that the findings of professional misconduct are not supported by substantial evidence. We are limited in our review to seeing that the determination is supported by substantial evidence (Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Shephard v Ambach, 68 AD2d 984). At the hearing, the three patients involved testified as to petitioner's conduct during the medical examinations in question. Petitioner also testified stating that certain alleged acts did not occur and that any contact with the patients was only to the extent necessary for the physical examinations. In determining petitioner's guilt or innocence, the question narrows to one of credibility which is exclusively for the Board of Regents (Matter of Holmstrand v Board of Regents of Univ. of State of N. Y., 71 AD2d 725). From our review of the record, we conclude that there is substantial evidence to support the determination and, therefore, it should not be disturbed. It is also argued by petitioner that the discipline imposed is unduly harsh and excessive. The test to be applied in reviewing the discipline imposed is whether such punishment is so disproportionate to the offense, considering all the circumstances, as to be shocking to one's sense of fairness (Matter of Pell v Board of Educ., 34 NY2d 222, 233, supra; Matter of Shephard v Ambach, supra, pp

985-986). Respondents have the duty to protect the public *(Matter of Widlitz v Board of Regents of Univ. of State of N. Y.,* 77 AD2d 690). Under the circumstances of the present case, we cannot say that the discipline imposed was either shocking or inappropriate and, therefore, it must be sustained (see *Matter of Abruzzi v Board of Regents of Univ. of State of N. Y.,* 72 AD2d 888; *Matter of Goldfarb v Board of Regents of State of N. Y.,* 39 AD2d 784). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.