■ In the Matter of Joseph R. Dorsey, Petitioner, v Board of Regents of the University of the State of New York et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510-a, subd 4) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice medicine in New York State. Petitioner, a physician with a specialty in psychiatry, was found guilty of three specifications of professional misconduct within the meaning of subdivision (2) of section 6509 of the Education Law: first, by reason of his practicing the profession fraudulently; second, by reason of his practicing the profession with negligence and incompetence; and third, by reason of his committing unprofessional conduct. The hearing panel found that petitioner, during the course of administering psychiatric treatment to two female patients, served alcoholic beverages to and engaged in sexual intercourse with the patients. It was recommended by the hearing panel that petitioner's license be revoked. After receiving the hearing panel's decision, petitioner, who did not appear at the hearing himself or by an attorney, appeared with counsel before the Regents Review Committee. Two members of that committee recommended that the Board of Regents remand this matter for the purpose of reopening the hearing to allow petitioner the right to cross-examine the witnesses who previously testified and to present any other evidence. One member of the Regents Review Committee recommended that the Board of Regents accept the findings, conclusions and recommendation of the hearing panel. The Board of Regents rejected the recommendation of the majority of the Regents Review Committee to remand the matter and instead accepted the findings, conclusions and recommendation of the hearing panel. Petitioner's primary contention is that, since neither he nor his attorney was present at the hearing in question, he was denied due process. However, contrary to petitioner's assertion, due process does not require that petitioner be present at the hearing. Rather, due process requires that notice of the charges be given and that the person accused be afforded the opportunity to respond (*Silverstein v Minkin,* 49 NY2d 260, 263; see, also, *Boddie v Connecticut,* 401 US 371, 378, 379). The record in this case reveals that the requirements of due process, notice and opportunity to be heard, were afforded petitioner. Despite this fact, petitioner chose not to appear at the hearing. The hearing panel was thus authorized to proceed in his absence (*Matter of Grottan v Kennedy,* 5 NY2d 381; see, also, *Sullivan v Department of Social Servs. of City of N. Y.,* 36 NY2d 766,

cert den 423 US 839). Indeed, the notice of hearing duly served on petitioner stated that "whether or not * * * [you] appear at the hearing, the hearing will proceed." We note that the testimony of the two patients clearly provides substantial evidence to support the determination which must, therefore, not be disturbed (*Matter of Meltzer v Ambach,* 78 AD2d 733). We have examined petitioner's other contentions and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.