■ In the Matter of SIDNEY RUDNER, Petitioner, v BOARD OF REGENTS OF THE NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents. — Proceeding pursuant to CPLR article 78

(initiated in this court pursuant to Education Law, § 6510, subd 5) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice as a psychologist.

On November 10, 1981, notice was served on petitioner that the State Education Department was commencing a proceeding to revoke petitioner's license pursuant to the provisions of sections 6509 and 6510 of the Education Law. Petitioner was originally charged with 12 separate specifications alleging professional misconduct. The charges involved allegations of contact of a sexual nature with female patients, breaches of client confidentiality and verbal abuse of his clients.

The evidence was that petitioner had initiated intimate physical contact and made sexual overtures to female clients. Additionally, without permission, he had disclosed client confidences. While there were inconsistencies in testimony and witness credibility issues, those are factual questions exclusively for resolution by the Board of Regents (*Matter of Meltzer v Ambach,* 78 AD2d 733). Once we conclude, as we do here, that substantial evidence supports the finding of guilt, we are limited to determining whether the penalty imposed is so arbitrary or excessive as to shock one's sense of fairness (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231, 233; *Matter of Tombler v Board of Educ.,* 109 Misc 2d 821, 825).

Imposition by a person in a helping profession of his personal intimate desires upon individuals who are likely to be at an emotionally vulnerable point in their lives conflicts with a duty to act in the best interests of his clients. The licensing authorities, as well as the courts, are loathe to tolerate misconduct of a sexual nature by professionals in the human services field (see *Matter of Dorsey v Board of Regents,* 87 AD2d 728, 729; *Matter of Meltzer v Ambach, supra,* p 734; *Matter of Abruzzi v Board of Regents,* 72 AD2d 888, 889). "[I]t is the [licensing authority] and not the courts which, before the public, must justify the integrity and efficiency of their operations" (*Matter of Pell v Board of Educ., supra,* p 235). We would be remiss in substituting our discretion for that of the agency charged with the internal discipline and licensing of members of a profession engaged in such a sensitive area of human service (see *Matter of Koch v Webster Cent. School Dist. Bd. of Educ.,* 57 NY2d 1028, 1030).

We have considered petitioner's other allegations of procedural impropriety and note only that an administrative hearing is not required to comply with technical rules of procedure and evidence so long as the fundamentals of a fair hearing are not violated (*Matter of Sowa v Looney,* 23 NY2d 329, 334). Here, any prejudice allegedly resulting to petitioner is not so substantial

as to require the setting aside of the administrative determination (*Matter of Soucy v Board of Educ.,* 51 AD2d 628, 629).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.