■ In the Matter of FREDERICK D. MELONE, Petitioner, v STATE OF NEW YORK EDUCATION DEPARTMENT et al., Respondents.—Main, J. Proceeding pursuant to CPLR article 78

(initiated in this court pursuant to Education Law § 6510 [5]) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice dentistry in New York State.

Petitioner, a licensed dentist since 1969, was charged with specifications of professional misconduct by a notice of hearing and statement of charges dated January 31, 1983. The specifications alleged that petitioner, in violation of Education Law § 6509 (9) and while acting in a professional capacity, had physical and sexual contacts with five different male patients ranging in age from 7 to 15 years at different times between 1981 and 1983. After several hearings at which petitioner and his counsel were at all times present and at which the five victims, a State Police investigator, a former employee of petitioner and two of the victims' parents testified on behalf of respondents and a psychiatrist and two psychologists testified on behalf of petitioner, the hearing panel determined that the charges had been proven by substantial legal evidence. The panel recommended that petitioner's license be suspended for one year and that the suspension be stayed and petitioner placed on probation for seven years with certain conditions imposed. The Regents Review Committee accepted the panel's finding of guilt, but took "a much more serious view" of petitioner's misconduct and unanimously recommended revocation. Respondent Board of Regents accepted the view of the Review Committee and the Commissioner of Education effectuated its decision by revoking petitioner's license on October 30, 1984.

In seeking annulment of that determination, petitioner contends that it was not supported by substantial evidence,* the charges failed to apprise petitioner of specific dates so as to enable him to present his defense and thereby denied him due process, and the penalty imposed was disproportionate to the offense. Petitioner's claim concerning the lack of substantial evidence arises from minor inconsistencies in testimony and the possible motives of certain witnesses. As this court found in *Matter of Rudner v Board of Regents* (105 AD2d 555, 556), "[w]hile there were inconsistencies in testimony and witness credibility issues, those are factual questions exclusively for resolution by the Board of Regents" *(see, Matter of Meltzer v Ambach,* 78 AD2d 733). Perusal of this record

---

* The standard of proof in a proceeding such as this is no longer "substantial evidence", but is now a "preponderance of evidence" (Public Health Law § 230 [10] [f], as amended by L 1984, ch 1005, § 3).

demonstrates an abundance of evidence to support respondents' determination. Likewise we find no merit to the due process argument. The lack of precise times and dates of the occurrences of the events did not deprive petitioner of due process for the reason that an examination of his own books and records would have furnished the relevant dates and times and enabled him to assert an alibi defense if, in fact, he had one. Accordingly, there was no denial of due process.

Finally, our consideration of the penalty is limited to determining whether the punishment imposed is " ' "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" ' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). As this court held in *Matter of Rudner v Board of Regents (supra,* p 556), "[t]he licensing authorities, as well as the courts, are loathe to tolerate misconduct of a sexual nature by professionals in the human services field". This is particularly so when children of tender age are the targets of such conduct. After giving consideration to the heavy responsibility of respondents, the extended time period during which these sexual contacts occurred, the young and impressionable ages of the victims, the possibility, if not probability, of lasting effects upon them and the other relevant factors, we are unable to conclude that the penalty is shocking to our sense of fairness.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.