■ In the Matter of ROBERT W. DAMINO, Petitioner, v BOARD OF REGENTS OF THE STATE OF NEW YORK, Respondent.— Mahoney, P. J.

Petitioner was a psychiatrist licensed to practice medicine in New York State when, in July 1983, he was charged with 31 specifications of professional misconduct. Specifically, he was charged with, *inter alia,* verbally and physically abusing patient "A", a female patient, and engaging in sexual intercourse with her, fostering a relationship between patient "A" and patient "B", a male inpatient at a psychiatric facility, divulging confidential information about other patients to patient "B", taking patient "B" to an X-rated movie, acting inappropriately concerning an apparent incident of violence by patient "B" toward patient "A" and changing his medical opinion about patient "B"'s dangerousness based on the outcome of a criminal trial. Also, based on earlier findings by the Commissioner of Health following a proceeding pursuant to Public Health Law article 33, petitioner was charged with willfully improperly dispensing controlled substances to himself and his patients and failing to follow labeling and paper work requirements.

After a hearing, the hearing panel concluded that petitioner was guilty of 23 specifications, namely, the drug violations related to the findings of the Commissioner of Health and the sexual contact with and physical abuse of patient "A". The panel also found petitioner guilty of gross negligence by

fostering the relationship between the two patients, taking patient "B" to the pornographic movie and changing his medical opinion regarding the dangerousness of patient "B". The panel recommended that petitioner's license be revoked. The Commissioner of Health and the Regents Review Committee recommended that the hearing panel's findings be accepted with minor modifications. The Board of Regents voted to accept the findings and conclusions as modified and the Commissioner of Education executed an order revoking petitioner's license to practice medicine. Petitioner instituted this proceeding challenging such order.

Petitioner claims that he was denied a fair hearing because of certain evidentiary rulings. In reviewing the record of the hearing, we are mindful that the strict rules of evidence are not binding in a hearing such as this (Education Law § 6510-a [1]; Public Health Law § 230 [10] [f]). Certain prejudicial material was admitted at the hearing which was of questionable probative value. Further, a police report which had been sealed pursuant to CPL 160.50 was improperly admitted. However, a review of the record in its entirety indicates that petitioner was not denied a fair hearing.

Petitioner also claims that negative inferences were improperly drawn from patient "A" 's assertion of privilege. Apparently, prior to the hearing, patient "A" and petitioner were married. At the hearing she invoked the marital (CPLR 4502) and doctor/patient (CPLR 4504) privileges. Neither privilege was applicable. The material sought dealt with matters prior to the marriage and, generally, did not deal with information obtained through confidential communications within the relationships. Since the privileges were improperly invoked, negative inferences could properly be drawn (cf. People v Wilson, 64 NY2d 634, 636; People v Rodriguez, 38 NY2d 95, 99).

We also reject petitioner's claim that he was denied the right to cross-examine patient "A". The restriction on such right was, in actuality, quite narrow. Since patient "A" invoked privileges to refuse to answer questions regarding the charges, it was within the Hearing Officer's discretion to refuse to allow petitioner to cross-examine her regarding matters which she refused to answer on direct or which were beyond the scope of direct.

Next, we reject petitioner's claim that the findings made in the Public Health Law article 33 hearing were improperly introduced against him. The delay between the order issued in that proceeding and the initiation of the instant charges did

not prejudice petitioner to the extent necessary to warrant annulment *(see, Matter of Wolf v Ambach,* 95 AD2d 877, 878). Further, the findings in the prior proceeding were virtually identical to the charges in the instant proceeding. Thus, it would have been improper to allow petitioner to relitigate them.

We also hold that the findings of guilt were supported by substantial evidence. Inasmuch as patient "A" refused to testify, the charges involving her were supported only by hearsay evidence. Substantial evidence can consist solely of hearsay evidence since the legal residuum rule no longer exists in this State *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139; *Matter of Eagle v Paterson,* 57 NY2d 831, 833). Patient "B" testified as to what patient "A" told him regarding the incidents with petitioner. Also, police reports were introduced detailing complaints made by patient "A" about petitioner. Corroborative testimony was elicited from an investigator for the Office of Professional Medical Conduct and a psychiatrist. Though this evidence was hearsay, it constituted substantial evidence to support the findings of guilt. The charges relating to patient "B" were supported by that patient's direct testimony. Regarding the charges based on the Public Health Law article 33 hearing, the instant charges state that the violations were willful. The findings in the prior proceeding did not conclude that petitioner acted willfully. However, evidence of state of mind is almost always indirect. In the prior proceeding, it was found that petitioner's activities were not done in good faith or in the course of his professional practice. Based on this and the facts of the incidents, willfulness could be inferred.

Finally, we reject petitioner's challenge to the sanction of license revocation. An administrative penalty will be set aside as excessive only when it is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-234). Considering the fact that the misconduct included sexual abuse of a patient and violation of laws regulating controlled substances, it cannot be said that the penalty is excessive.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.