In the Matter of ANTHONY F. CERMINARO, Petitioner, v BOARD OF REGENTS OF THE STATE OF NEW YORK et al., Respondents.

Third Department, November 26, 1986

APPEARANCES OF COUNSEL

*Penberthy, Kelly & Walthall, P. C. (Stephen L. Walthall* of counsel), for petitioner.

*Robert Abrams, Attorney-General (John J. O'Grady* of counsel), for respondents.

### OPINION OF THE COURT

WEISS, J.

Petitioner, a licensed registered nurse since 1974, was charged with seven specifications of professional misconduct by a notice of hearing and statement of charges dated June 1, 1984. The charges included allegations of sexual contact with an emergency room patient and with co-workers while on duty *(see,* Education Law § 6509 [2] [9]; 8 NYCRR 29.1 [b] [5]; 29.2 [a] [2]). On June 19, 1984, a hearing panel was convened, but when it became apparent that this panel had already heard charges relating to the subject incidents, petitioner requested a new panel. Hearings were conducted before a new panel commencing on June 27, 1984 and concluding October 2, 1984. Prior to the issuance of the panel's decision, Education Law § 6510 (3) (c) was amended, effective December 21, 1984, requiring that a hearing panel's determination of guilt be premised on a preponderance of the evidence and not merely substantial legal evidence (Education Law § 6510 [3] [c], as amended by L 1984, ch 1018, § 5). Despite this change in the appropriate standard of proof, the hearing panel issued its report to respondent Board of Regents on May 22, 1985 finding petitioner guilty of five of the specified charges based on *substantial legal evidence.* Three of the four panel members who approved the determination of guilt recommended that petitioner's license be revoked, while the fourth member recommended a term of probation. Upon review of "the entire record" and the hearing panel's report *(see,* Education Law § 6510 [4] [b]), the Regents Review Committee unanimously recommended acceptance of the hearing panel's findings as

"based upon substantial legal evidence as well as upon a preponderance of the evidence", and further encouraged a revocation of petitioner's license. The Board of Regents accepted this recommendation in its entirety, specifying that the charges were based upon a preponderance of the evidence as well as substantial legal evidence, and respondent Commissioner of Education executed an order revoking petitioner's license. This proceeding ensued.

Petitioner maintains that since the hearing panel's determination was premised on the wrong standard of proof, i.e., substantial legal evidence and not preponderance of the evidence, the Commissioner's determination is invalid and should be dismissed. Respondents do not dispute that the amendment to Education Law § 6510 (3) (c) became effective December 21, 1984 (see, Matter of Asman v Ambach, 64 NY2d 989, 990-991) and that the hearing panel was thus obligated to apply the stricter preponderance standard. Nonetheless, respondents contend that since both the Regents Review Committee and the Board of Regents applied the appropriate preponderance standard, the determination must stand. We agree with the latter proposition.

Pursuant to Education Law § 6510 (4) (c), the Board of Regents is vested with the final authority to determine a licensee's guilt or innocence. This decision must be based on consideration of the transcript and the advisory reports of both the hearing panel and the Regents Review Committee (Education Law § 6510 [4] [c]). We find the deficiency in the panel's report to have been remedied upon the full review undertaken by both the Regents Review Committee and the Board of Regents. The statute expressly requires the preponderance standard to be applied at the hearing level (Education Law § 6510 [3] [c]). Since the Board of Regents expressly applied the correct standard, neither a new hearing nor a remittal to that entity is required (cf. Matter of Martin v Ambach, 67 NY2d 975, 977; Matter of Libra v University of State of N. Y., — AD2d — [decided herewith]).

On the merits, we find the determination supported by a preponderance of the evidence in the record. The charges of sexual misconduct were supported by the direct testimony of a patient and a co-worker. Petitioner's challenge to this evidence essentially consists of an attack on the credibility and motivation of the State's witness, but these objections simply raise factual questions to be resolved exclusively by the Board of Regents (see, Matter of Melone v State of New York Educ.

*Dept.,* 115 AD2d 854, 855). Although there were certain inconsistencies in the evidence presented and petitioner produced witnesses who refuted the charges, we find ample basis in the record for the Commissioner's determination.

In view of the nature of the misconduct, including sexual abuse of a patient, we find no impropriety in the sanction of license revocation *(see, Matter of Damino v Board of Regents,* 124 AD2d 271; *Matter of Melone v State of New York Educ. Dept., supra,* p 856; *Matter of Rudner v Board of Regents,* 105 AD2d 555, 556).

We have considered petitioner's other contentions of error and find them unavailing. While the alleged incidents of misconduct occurred as early as May 1977, the Board of Regents did not begin investigating the case until 1981 and petitioner has not demonstrated any resulting prejudice from the delay. Consequently, petitioner was not deprived of an opportunity for a hearing within a reasonable time *(see, Matter of Erdos v New York State Dept. of Educ.,* 105 AD2d 504, *lv denied* 64 NY2d 604). Petitioner's further contention that the second hearing panel lacked jurisdiction is unpersuasive. The basis for this contention is the fact that petitioner was not re-served with a notice of hearing prior to any action taken by the second hearing panel. There is no dispute that a notice of hearing was timely served prior to the initial hearing *(see,* Education Law § 6510 [1] [d]). Since the second hearing panel was convened at petitioner's request, re-service was unnecessary. Petitioner's contention that the panel was improperly constituted is similarly unfounded. The panel here was comprised of one registered nurse, two licensed practical nurses and two public members, in full compliance with the requirements of Education Law § 6510 (3) *(see,* Education Law § 6508 [1] [a]; § 6904).

Mahoney, P. J., Kane, Casey and Levine, JJ., concur.

Determination confirmed, and petition dismissed, without costs.