■ In the Matter of RICHARD O'BRIEN, Petitioner, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York.

Petitioner conducted a solo private practice of medicine in the City of Albany and was affiliated with St. Peter's Hospital. In 1984, the Office of Health Systems Management received an anonymous telephone call reporting that petitioner was practicing medicine at St. Peter's Hospital with the smell of alcohol on his breath. An investigation ensued and petitioner was subsequently charged with two specifications of professional misconduct. The first specification charged that petitioner practiced while his ability was impaired by alcohol and the second specification charged petitioner with being habitually drunk. The material facts asserted in support of the specifications were as follows:

"(a) [Petitioner] consumes alcohol during evening hours on a daily basis and has done so for many years.

"(b) On numerous occasions, from at least November 1980 to the present, [petitioner] has treated patients at St. Peter's Hospital, Albany, New York with the odor of alcohol on his breath.

"(c) From November 13, 1982 to the present, [petitoner] has been on the covered medical service at St. Peter's Hospital due to concern over his alcohol consumption."

Petitioner admitted the factual allegations and then moved to dismiss the charges upon the ground that the admitted facts were insufficient to constitute professional misconduct. The motion was denied and a lengthy hearing ensued.

At the hearing, petitioner admitted that his daily alcohol intake included approximately four cans of beer and one third to one half a liter of whiskey. An expert in the field of alcoholism and substance abuse, Dr. Valerie W. Yandow, stated that petitioner evidenced signs of chronic alcoholism. She testified that she had never known of anyone with the extent of liver disease impairment evidenced by petitioner who did not have some nervous system impairment as well. Also testifying at the hearing was Dr. Anthony Tartaglia, chief of medicine at St. Peter's Hospital from 1975 until 1984. He stated that he had three official meetings with petitioner regarding complaints that he smelled of alcohol while practicing at the hospital. After the first meeting, he placed petitioner's patients at the hospital on "covered service", whereby the patients would be watched closely by the hospital staff. Tartaglia testified that he would have suspended petitioner if he had been aware of the quantity of petitioner's nightly intake of alcohol.

The Hearing Panel initially concluded that petitioner was

not guilty of the charged specifications. Upon administrative review, however, respondent Board of Regents ultimately determined that petitioner was guilty of both specifications. The Board voted to revoke petitioner's license, with revocation to be stayed upon his entry into the "Impaired Physicians Program", and five years of probation. Respondent Commissioner of Education issued an order in accordance with the Board's determination. This proceeding was thereafter initiated in this court to review said determination.

Petitioner contends that the material facts alleged against him were insufficient to support the charges of professional misconduct and that the consideration of other evidence violated due process. Public Health Law § 230 (10) (b) provides that "[t]he charges shall state the substance of the alleged professional misconduct and shall state concisely the material facts but not the evidence by which the charges are to be proved". While the charges put a petitioner on notice and afforded an opportunity to prepare a defense, actual evidence of misconduct is adduced at the hearing through, *inter alia,* testimony of expert witnesses and from exhibits. The charges here put petitioner on notice that evidence of his alleged abuse of alcohol would be considered in determining whether he was guilty of professional misconduct. He was sufficiently apprised of the activities which would be considered and was afforded an adequate opportunity to prepare and defend against the allegations. Accordingly, we conclude that he was not denied due process.

Petitioner further contends that the evidence was insufficient to support the determination. Initially, petitioner urges that deference should be given to the Hearing Panel's findings of not guilty since it had the opportunity to observe the witnesses. However, the determination of guilt in a professional misconduct administrative adjudication is for the Board (Education Law § 6510-a; *see, Matter of Di Marsico v Ambach,* 48 NY2d 576, 581). This court's consideration of the Board's determination is limited to review pursuant to CPLR article 78 (Education Law § 6510-a [4]). We find sufficient evidence in the record to support the determination. As a sole practitioner, petitioner was essentially on call 24 hours per day. Yet, there is evidence that he consumed substantial quantities of alcohol daily, and had done so for numerous years. The probable effect of this level of consumption was detailed by an expert and it was not an abuse of discretion for the Board to credit this testimony. The fact that petitioner's impaired condition did not actually result in harm to a patient does not

preclude a finding of professional misconduct *(see, Matter of Meshel v Board of Regents,* 110 AD2d 976, *lv denied* 65 NY2d 608).

Petitioner's remaining contentions have been considered and found unpersuasive.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., and Harvey, JJ., concur.