(July 21, 1988)

■ In the Matter of NORMAN M. ACKERMAN, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

Petitioner was licensed to practice medicine in this State in December 1948. In the late 1950's, petitioner cofounded the Association for Counseling and Therapy (hereinafter ACT). Petitioner served as ACT's psychiatrist and director. Between 1969 and 1975, under the pretense of providing psychiatric treatment, petitioner allegedly engaged in numerous sexual acts with patients and encouraged other lewd and lascivious conduct during both individual and group sessions. Several of the individuals who had been involved in these activities at ACT subsequently filed complaints against petitioner. In November 1978, the State Board for Professional Medical Conduct charged petitioner with practicing his profession fraudulently, with gross negligence and/or gross incompetence, with negligence and/or incompetence on more than one occasion in violation of Education Law § 6509 (2), and with practicing in an unprofessional manner in violation of Education Law § 6509 (9).

Petitioner denied the charges and a hearing on the matter commenced in February 1979. During the hearing, three individuals who claimed to have been patients of petitioner at ACT testified. These individuals are referred to as patients A, B and D. Petitioner denied that the complaining witnesses were his patients, he denied that he engaged in sexual activities with any of them and he insisted that the group sessions he led were merely gatherings of people engaged in the discussion of a variety of topics involving no form of psychotherapy treatment.

The Hearing Panel credited the testimony of the complaining witnesses and, with minor exceptions, sustained the charges against petitioner. The Hearing Panel recommended that petitioner's license be permanently revoked and that he be assessed a fine of $25,000. After reviewing the Hearing

Panel's report, the Commissioner of Health recommended to the Board of Regents that the findings of fact and conclusions of the Hearing Panel be accepted in full along with its recommendation that petitioner's license be revoked. The Regents Review Committee, however, did not accept all the conclusions recommended by the Hearing Panel and the Commissioner of Health. It determined that the fourth specification of the charges pertaining to allegations of professional misconduct could not be sustained because Education Law § 6509 (9) requires that any charges based on this section make reference to a specific rule or regulation underlying the charge. The proceeding against petitioner had been commenced after the repeal of 8 NYCRR former part 29 defining professional misconduct and prior to the effective date of the new rules. The Regents Review Committee additionally modified various other conclusions of the Hearing Panel and the recommendation of the Commissioner of Health. It then recommended that petitioner's license be revoked but not on a permanent basis. Respondent accepted the recommendations of the Regents Review Committee and ordered that petitioner's license be revoked upon each specification of the charges as to which the Regents Review Committee found petitioner guilty. Petitioner then commenced this CPLR article 78 proceeding to challenge respondent's determination.

Petitioner urges that the charges and testimony against him failed to adequately specify when the alleged misconduct occurred and, thus, that he was denied due process. We cannot agree. An individual facing professional misconduct proceedings is entitled to notice of the charges and an opportunity to respond (*Matter of Dorsey v Board of Regents,* 87 AD2d 728). The dates and nature of the alleged misconduct must be sufficiently precise, when considered with information available to the charged individual, to allow the presentation of an intelligent defense (*see, Matter of Melone v State of New York Educ. Dept.,* 115 AD2d 854, 856). Here, the charges alleged, *inter alia,* that between June 1972 and March 1976 petitioner induced patient B to engage in sexual intercourse with him on numerous occasions under the guise of providing psychiatric treatment. At the hearing, patient B testified regarding specific instances of sexual intercourse with petitioner. Petitioner did not attempt to establish alibis to these specific instances, but merely asserted his denial of the occurrences. Similarly, patient A testified regarding a specific instance of sex with petitioner which occurred while an individual associated with petitioner, Jane Arnold, was on a local radio station. Arnold

recalled the radio appearance. Again, petitioner's defense was his denial of any sexual activity with patient A. Further, several of the allegations—including nudity at group sessions, use of nitrous oxide during sessions and use of drugs not required for appropriate psychiatric treatment (including marihuana)—involved activities which were ongoing throughout the relevant period and thus the establishment of exact dates was difficult or impossible. Since petitioner admits to sessions or meetings with the complaining witnesses during the relevant time period, the primary issue involved is credibility, i.e., whether the activities constituting misconduct occurred at these sessions. Thus, *exact* times and dates were not indispensable to petitioner's defense. Accordingly, we are unconvinced that petitioner was denied due process in this administrative proceeding.

Petitioner next contends that there was insufficient evidence to establish that patients A, B and D were involved in a physician-patient relationship with him. Conflicting evidence on this issue was presented during the hearing. When administrative officers are faced with conflicting evidence in an adjudicatory proceeding, their assessment of credibility is "largely unreviewable by the courts" *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443). Here, there was testimony by patients A, B and D indicating that the complained-of activities occurred within the scope of their treatment by petitioner. Further, evidence was submitted showing that petitioner was paid by the patients for this treatment. We conclude that there is adequate evidence in the record to support the factual determination that a physician-patient relationship existed.

Petitioner argues that he did not have an adequate opportunity to inquire about the patients' prior statements. Initially, we note that pursuant to a Supreme Court order the administrative prosecutor provided petitioner with records of the patients' prior statements. Although petitioner asserts that not all relevant information was provided, we find that the administrative prosecutor adequately complied with the order. We are likewise unpersuaded by petitioner's assertion that he was denied a fair hearing by rulings of the chairman of the Hearing Panel which restricted cross-examination of the patients regarding some of their prior statements. It is well settled that strict rules of evidence do not apply to administrative proceedings *(see, e.g., Matter of Damino v Board of Regents,* 124 AD2d 271, 272, *lv denied* 70 NY2d 613). A review of this hearing, which was marked by delays attributable to petitioner and which resulted in a record in excess of 5,000

pages after hearings spanning 6½ years, indicates that petitioner was afforded ample opportunity to present his case. Although some of the rulings viewed singularly were questionable, any mistakes in this regard were not so egregious as to infect the entire proceeding with unfairness.

Petitioner's remaining contentions have been considered and found unpersuasive.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.