**Robert W. DAMINO, Plaintiff,**

v.

**Martin C. BARRELL, et al.,
Defendants.**

**No. CV 88–1349.**

United States District Court,
E.D. New York.

Oct. 18, 1988.

---

William D. Friedman, Hempstead, N.Y., for plaintiff.

Robert Abrams, Atty. Gen. of State of N.Y., New York City, Evelyn M. Tenenbaum, Susan Watson, Asst. Attys. Gen., for defendants.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, District Judge.

In this action, commenced April 29, 1988, plaintiff Robert Damino ("Damino") seeks damages pursuant to 42 U.S.C. § 1983 based on the revocation of Damino's license to practice medicine on June 19, 1987. Defendants move to dismiss[1] on several grounds, including an assertion that the action is barred by the doctrines of res judicata and collateral estoppel, and request that attorney's fees be imposed on plaintiff pursuant to Fed.R.Civ.P. 11.

*Background*

In July 1983, plaintiff, a physician licensed to practice in the State of New York, was charged with professional misconduct pursuant to N.Y.Educ.Law § 6509(9). The charges included: unprofessional conduct, gross negligence, gross incompetence, negligence and incompetence. Allegations made against the plaintiff included: sexual misconduct with, as well as mental and physical abuse of, one patient; the encouragement of questionable fraternization between patients; taking a patient who had been criminally institutionalized to an X-rated movie; and subsequently threatening the same patient. Plaintiff was also charged with various controlled drug regulation violations, the practice of medicine while impaired, and habitual use of barbiturates and amphetamines. The latter two drug charges were eventually dropped.

Upon notification to the plaintiff of the charges and date of hearing, disciplinary proceedings were conducted by a panel of the New York Board for Professional Medical Conduct. In May, 1984, the hearing committee issued a report which made specific findings of fact, conclusions and recommendations to sustain the charges with some modifications.

In April, 1985 the New York Commissioner of Health, upon review of the entire record of the proceedings, recommended that the hearing panel report be accepted in full. Thereafter, in November 1985, the Regents Review Committee unanimously recommended to the Board of Regents that the hearing panel's findings be adopted with minor modifications. On December 13, 1985 the Board of Regents voted to accept the findings of fact and conclusions of the hearing panel as modified by the Regents Review Committee. In January 1986, the Commissioner of Education of New York ordered the plaintiff's license to practice medicine revoked.

Pursuant to N.Y. Education Law § 6510-a(4) and Article 78, N.Y.C.P.R., on March 5, 1986, plaintiff brought a proceeding for review of the Commissioner's decision in the New York Supreme Court, Appellate Division. On May 12, 1986, the Appellate Division, Third Department granted plaintiff's motion to stay the order of revocation pending a decision. On October 9, 1986, the Appellate Division, Third Department unanimously confirmed the determination of the Board of Regents and dismissed plaintiff's petition.[2]

By order to show cause, plaintiff moved before the Appellate Division for leave to appeal to the Court of Appeals and requested a stay of the enforcement of the October 9, 1986 order pending the determination of the motion and a request for a preliminary injunction. This request was denied and on June 17, 1987 plaintiff commenced an action in this court requesting a

---

**1.** Both parties have submitted affidavits of fact in support of their positions on this motion, which may not be considered by the court in deciding a 12(b)(6) motion. *Ryder Energy Distribution v. Merrill Lynch,* 748 F.2d 774 (2d Cir.1984). However, the determination of this motion did not require reference to the affidavits.

**2.** *Damino v. Board of Regents,* 124 A.D.2d 271, 508 N.Y.S.2d 618 (3rd Dep't 1986), *app. den.,* 70 N.Y.2d 613, 524 N.Y.S.2d 431, 519 N.E.2d 342 (1987).

stay of the state court proceedings under Fed.R.Civ.P. 65(b) and a claim for relief under 42 U.S.C. § 1983. At that time plaintiff also requested that this court issue a temporary restraining order to stay the Appellate Division Court order to revoke his license pending the outcome of his § 1983 action. This court declined to grant plaintiff's motion for the temporary restraining order and on June 20, 1987 plaintiff surrendered his license to practice medicine. On September 28, 1987, this court dismissed plaintiff's action on two grounds: (1) the complaint failed to state a cause of action under 42 U.S.C. § 1983, and (2) principles of abstention suggested that the action should be dismissed. *Damino v. O'Neill,* 702 F.Supp. 949 (E.D.N.Y.1987) (the "Opinion"). Finally, on December 17, 1987, the New York Court of Appeals denied leave to appeal the decision of the Appellate Division. *Damino v. Board of Regents,* 70 N.Y.2d 613, 524 N.Y.S.2d 431, 519 N.E.2d 342 (1987).

In the present action, plaintiff seeks damages for alleged violations of his due process rights based on the revocation of his medical license. (Complaint ¶¶ 31, 44, 52, 58, 66, 74–80, 89–93, 97–100, 111–121). The claim, which is repeated a number of times in the complaint, is, in substance, identical to plaintiff's claim in his previous federal action.[3]

Further, the procedural improprieties alleged by plaintiff, including evidentiary standards, inference and fairness, were thoroughly addressed by the state court. *See Damino v. Board of Regents,* 124 A.D. 2d 271, 508 N.Y.S.2d 618 (3rd Dep't 1986).

## DISCUSSION

The Supreme Court in *United States v. Mendoza,* 464 U.S. 154, 104 S.Ct. 568, 571, 78 L.Ed.2d 739 (1984), restated the preclusive effect of a prior adjudication on a subsequent action: "[O]nce a court has decided an issue of fact or law necessary to

its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)." Quoting from *Standefer v. United States,* 447 U.S. 10, 24, 100 S.Ct. 1999, 2008, 64 L.Ed.2d 689 (1980), the Court pointed to the reason for preclusion as follows: "[N]o significant harm flows from enforcing a rule that affords a litigant only one full and fair opportunity to litigate an issue, and ... there is no sound reason for burdening the courts with repetitive litigation." *Mendoza,* 104 S.Ct. at 572.

■ Issue preclusion may be invoked where the issue of law or fact in the subsequent proceeding has been litigated and determined by a valid and final judgment. *Wilson v. Steinhoff,* 718 F.2d 550, 552 (2d Cir.1983). It is not necessary that the parties be identical in both suits. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (permitting the use of offensive issue preclusion). Courts have construed 28 U.S.C. § 1738 so as to require federal courts to "give preclusive effect to state court judgments whenever the courts of the state from which the judgments emerge would do so." *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980). In *Allen v. McCurry, supra,* the Supreme Court held that "issues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered." *Migra v. Warren City School District,* 465 U.S. 75, 104 S.Ct. 892, 897, 79 L.Ed.2d 56 (1984) (emphasis added).

■ In this case, it is clear that plaintiff is precluded from bringing this action by both the state court decision, which rejected plaintiff's appeal, and the prior federal court action, in which this court held that the revocation of plaintiff's medical license

---

**3.** Paragraph 29 of the complaint in plaintiff's prior federal action states:

Defendants, under color of law, have deprived the plaintiff of his property rights to his said

employment and said license which are guaranteed to him under the due process of law provision of the Fourteenth Amendment. Complaint, CV 87–2003, July 17, 1987.

did not create a claim for relief under 42 U.S.C. § 1983. Plaintiff's claim of due process violations has already been litigated twice. It need not be litigated again. Therefore, defendant's motion to dismiss should be granted.

Defendants request that plaintiff be ordered to pay reasonable attorney's fees pursuant to Fed.R.Civ.P. 11. Such sanctions should be imposed only where the court "finds that [the] claim was frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 14, 16, 101 S.Ct. 173, 178, 179, 66 L.Ed.2d 163 (1980), *quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). Further, there must be fair notice and an opportunity to be heard. *Sanko S.S. Co. v. Galin*, 835 F.2d 51, 53 (2d Cir.1987).

Both of these elements are present here. After all relevant issues had been decided by both the state and federal courts, this case is brought, once again, before this court. In plaintiff's previous federal action, this court unambiguously stated:

> Although defendant did not raise the point, plaintiff is collaterally estopped from raising in federal court the claim that he was denied a fair hearing or procedural due process. These same claims were raised before and decided by the state court proceeding in the Appellate Division.

Opinion, n. 1. With respect to plaintiff's claim of due process violations, this court stated:

> Given all the opportunities plaintiff has had to protect his license and all the procedural safeguards built into the state's revocation procedures, it is clear to this court that plaintiff's constitutional due process rights were fully protected and plaintiff's claim to the contrary is without merit.... Any claim of denial of procedural due process under the circumstances borders on the absurd.

Opinion at 9 (citations omitted).

Regardless, counsel for plaintiff chose to file an action based on violations of procedural due process. This action is frivolous and vexatious, and sanctions should be imposed. In responding to this motion, counsel for plaintiff had a full and fair opportunity to oppose the imposition of Rule 11 sanctions, and offered nothing in response.

Rule 11 sanctions may be imposed "upon the person who signed [the pleadings], a represented party or both." Fed.R.Civ.P. 11. Mr. William D. Friedman, counsel for plaintiff, signed all the relevant pleadings, and knew or should have known that this action was meritless. Accordingly, costs and reasonable attorney's fees are to be assessed jointly against the plaintiff, Robert W. Damino, and his attorney, William D. Friedman and awarded to defendants.

### ORDER

The defendants' motion to dismiss is granted. The Clerk of the Court is directed to enter judgment in favor of the defendants Martin C. Barrell, et al., and against the plaintiff dismissing the complaint, together with costs as taxed by the Clerk and attorney's fees to be fixed by the court, and it is further

ORDERED that the Attorney General for the State of New York serve an affidavit or affirmation specifying the hours spent, the nature of the services rendered and the hourly rate requested. Within five (5) days after receipt of the affidavit or affirmation plaintiff is directed to serve and file an opposing affidavit or affirmation.