■ In the Matter of MICHAEL G. DAVIDSON, Petitioner, v BOARD OF REGENTS OF STATE OF NEW YORK, Respondent.— Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review the determination of the Commissioner of Education which, *inter alia,* suspended petitioner's license to practice dentistry in New York.

The Department of Education, by its Division of the Office of

Professional Discipline, charged petitioner, a dentist licensed to practice in New York, with various instances of professional misconduct. The administrative hearings held on those charges began January 27, 1987, continued on February 19 and 20, April 17 and 22, and finally concluded on May 5, 1987. On January 30, 1987, three days after the first day of the hearings, the charges were amended to include additional specifications of unprofessional conduct and one of fraud; service of the amended charges was made by mail on February 2, 1987 on petitioner's counsel, apparently in accordance with counsel's agreement that such service would be deemed sufficient and proper.

The Hearing Panel absolved petitioner of liability for all but two of the specifications, both of which are contained in the amended statement of charges. Petitioner was found guilty of unprofessional conduct under Education Law § 6509 (9) in violation of 8 NYCRR 29.1 (b) (13) because he failed to make certain records available to the Department and of fraudulently practicing dentistry under Education Law § 6509 (2) because he failed to return insurance payments to a patient who earlier had paid in full for his dental work. After an administrative review, respondent adopted the Hearing Panel's findings and recommended that petitioner be suspended from practicing dentistry for two years, imposed a fine and required him to perform 100 hours of community service. Respondent stayed petitioner's suspension and placed him on probation for the two-year period; respondent's findings and recommended discipline were thereafter adopted and implemented by the Commissioner of Education. Those of petitioner's substantive contentions on appeal which have at least a basis in the record to permit argument are that the findings were not supported by substantial evidence and that the penalty imposed is excessive.

Initially, it is necessary to consider petitioner's claim that he was denied procedural due process in that, in contravention of Education Law § 6510 (1) (d), the amended statement of charges was not served upon him at least 15 days prior to the hearing. That issue, however, is not properly before us for although petitioner did object at the hearing to the constitutionality of the statute, he raised no objection regarding the timeliness of the service of the amended charges. Moreover, the hearings continued until May 5, 1987; thus, petitioner had ample opportunity to prepare and present an adequate defense (see, Matter of Block v Ambach, 73 NY2d 323, 334).

Petitioner's substantive arguments are equally uncompel-

ling. The record reveals that Eugene Duschenchuk, a patient at petitioner's clinic, paid for dental services which his insurance company also subsequently paid to petitioner. Duschenchuk's testimony, the insurance company records and correspondence, the canceled checks and the small claims court judgment directing petitioner to pay Duschenchuk $400 fully support respondent's determination that petitioner misappropriated funds. Although petitioner did not personally treat this patient, the dental office was run under his name and license number, all billings were rendered in his name and all receipts were deposited into his account. Thus, the record amply supports respondent's conclusion that petitioner practiced his profession fraudulently within the meaning of Education Law § 6509 (2).

Similarly, the record justifies respondent's determination that petitioner is guilty of unprofessional conduct. Petitioner's testimony regarding his failure to submit dental records requested by the Department is, at best, equivocal. He alternately claimed that he produced those records that he was able to, he could not recall whether he had produced them, and that he did not produce them because they were not within his control or were not his responsibility. Whether petitioner did in fact have control of these records hinges on the witness's credibility, a matter best resolved by respondent *(see, Matter of Cerminaro v Board of Regents,* 120 AD2d 262, 264; *Matter of Melone v State of New York Educ. Dept.,* 115 AD2d 854, 855).

And, given the nature of the misconduct, petitioner's fully stayed two-year suspension, two-year probation, $4,000 fine and 100 hours of community service is not so disproportionate to the offense as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Petitioner's remaining contentions lack support in the record.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.