■ In the Matter of STEPHEN ANDRESKI, Petitioner, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which, *inter alia*, suspended petitioner's license to practice medicine in New York for 5½ years.

Petitioner, a psychiatrist, was found guilty of four specifications of professional misconduct for having inappropriate sexual contact with a patient (hereinafter patient C), and for soliciting and purchasing marihuana from her. Petitioner was originally charged with being sexually intimate with two other patients as well. After a hearing, however, a panel

composed of three members of the State Board for Professional Medical Conduct (hereinafter the Hearing Panel) recommended that all of the charges against petitioner be dismissed. Except for patient C, the Hearing Panel unanimously found the testimony of all three patients involved incredible; as for patient C, one Panel Member gave credence to the factual allegations of sexual misconduct concerning this patient, but concluded that a charge of medical misconduct should not be sustained because petitioner's actions were not considered to have occurred while petitioner was practicing medicine. And although the Hearing Panel found that petitioner had accepted marihuana from patient C, absent proof that he solicited the drug, the Hearing Panel concluded that the evidence was insufficient to sustain a specification charging him with moral unfitness.

The Commissioner of Health adopted the Hearing Panel's findings of fact except that it determined that patient C was indeed credible. He then made alternative findings of fact in regard to this patient and recommended that petitioner's license be suspended. Thereafter, respondent Board of Regents adopted the modified recommended findings of fact and suspended petitioner's license for 5½ years on each of the four charges on which guilt was found; the suspensions run concurrently. The Board of Regents stayed execution of the last five years of the suspensions during which time petitioner was to be on probation. An order to this affect was issued by respondent Commissioner of Education. Petitioner brings the instant proceeding claiming that respondents' determination is not supported by substantial evidence. We disagree.

At the hearing, patient C testified that she first met petitioner in April 1980 when she visited the crisis unit of the Capital District Psychiatric Center in Albany County, although he did not treat her on this occasion. When she returned for a follow-up visit on May 29, 1980, she and petitioner discussed her medication and illness. A few days later, petitioner telephoned patient C at work and asked her to come to his office later in the day. She went to the office, petitioner took her blood pressure, and they discussed the interaction of cocaine and marihuana with her prescription medication. Thereafter, petitioner requested a ride home. During the drive, petitioner suggested that they rock-climb and "get high" together. Patient C further testified that petitioner asked if she could provide him with marihuana, which she agreed to do. The following day petitioner called, then visited her apartment, whereupon she sold him a half

pound of marihuana. In addition, patient C and petitioner became sexually intimate. Some days later, she telephoned his home. When petitioner's son answered the phone, she discovered for the first time that he was married. She did not see petitioner again.

For his part, petitioner denied most of patient C's allegations. He admitted that he purchased 1½ ounces of marihuana from her at her apartment after she had called his home and offered to give it to him. He claimed that she invited him to stay the night, and when he declined she became angry and slammed the door as he left. Petitioner's wife corroborated some of petitioner's recitation.

Two members of the Hearing Panel found patient C's testimony unbelievable for although she stated that she told her therapist, a psychologist with whom she was then seeking treatment, about the incident, the progress notes in her medical history for that day are devoid of any reference to it. Moreover, the therapist's notes indicated that the patient was in a euphoric mood, despite patient C's testimony that she felt upset and angry over the incident with petitioner. The Board of Regents, however, rejected the Hearing Panel's assessment of her credibility and sustained the charges.

Petitioner recognizes that the findings of the Hearing Panel are not binding upon the Board of Regents (see, e.g., Matter of O'Brien v Commissioner of Educ. of State of N. Y., 136 AD2d 837, 839). Rather, he argues that because the Hearing Panel was in a better position to judge the witnesses' veracity, it was arbitrary for the Board of Regents to reject the Hearing Panel's credibility findings. Resolving factual issues and determining the credibility of witnesses are activities exclusively within the Board of Regents' province, however (Matter of Reisner v Board of Regents, 142 AD2d 22, 28; Matter of Cerminaro v Board of Regents, 120 AD2d 262, 264). Our review is limited to determining whether substantial evidence supports the agency's ultimate determination (Matter of Meltzer v Ambach, 78 AD2d 733; see, Matter of Pell v Board of Educ., 34 NY2d 222). Here, patient C's testimony, corroborated by petitioner's admission that he purchased marihuana from her, was sufficient to establish that petitioner rendered inappropriate care and engaged in conduct evidencing moral unfitness to practice his profession (see, Matter of Block v Ambach, 73 NY2d 323, 335). Justification for concluding that patient C's testimony was not contrived can be drawn from the fact that throughout these proceedings her version of her relationship and sexual experience with petitioner remained

constant and unshaken. Additionally, no ulterior motive appears to underlie her recollection of their encounter; she did not seek to have petitioner's employer sanction him, has not personally commenced any litigation against him, and only became involved in the instant disciplinary proceeding at the urging of a Capital District Psychiatric Center staff member.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.