■ In the Matter of ARTHUR STEIN, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent which, *inter alia,* suspended petitioner's license to practice psychology in New York for two years.

Petitioner, a licensed psychologist, was found guilty of unprofessional conduct in willfully abusing patients (8 NYCRR 29.2 [a] [2]) in an incident occurring on April 16, 1985 involving a female patient in her early 30s who had sought help with her personal life and relationships. Petitioner had consulted with the patient's parents twice in early 1984 as part of her therapy. Petitioner, employing a comprehensive family therapy approach, subsequently involved the patient's parents in additional sessions on April 2, 1985 and April 16, 1985, seeking to gain further insight into the family's interrelationships and to counsel them on their interaction with their daughter. At the close of the April 16 session the parents' refusal to schedule further sessions evoked extremely coarse and derogatory language by petitioner. The instant charges were made upon the parents' complaint.

After a hearing, it was found that the parents were also patients and that petitioner's conduct constituted willful verbal abuse. Petitioner's license was suspended for two years with execution of the suspension stayed and petitioner placed on probation for that period. Petitioner challenges the determination as being unsupported by substantial evidence and contrary to law.

While not challenging the State's authority to regulate and discipline the professions, petitioner contends that the regulation must be narrowly construed in light of *Matter of Yong-Myun Rho v Ambach* (74 NY2d 318), particularly where a penalty is related to speech used in therapy. Using the narrow standard articulated, petitioner further contends that the record fails to provide a factual basis to support respondent's conclusion particularly with regard to willfulness and abuse. While petitioner acknowledges that he used coarse language, his version of the incident is distinctly different from and milder than that of the testifying patient. Petitioner argues that he was faced with an emergency life-endangering crisis with respect to the daughter patient which justified his reflexive use of coarse language to produce shock as part of his psychotherapy.

Professional nonmedical psychotherapy necessarily relies solely upon the full range of human communications. However, here it was administratively determined that no justification existed for petitioner's abusive language. Furthermore, the therapeutic objective described by petitioner to provide a basis for his conduct was specifically rejected.

A review of the record reveals ample evidence to support the administrative determination *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The mother's testimony was that the profanity and vile namecalling were repeated several times during which petitioner stood over her waving his arms and that she thought he would strike her. Conflicting testimony and credibility of witnesses are matters for resolution by the Hearing Panel *(Matter of Block v Ambach,* 73 NY2d 323). To be willful, the conduct must be knowing, intentional or deliberate *(Matter of Abraham v Ambach,* 135 AD2d 921, 923). Furthermore, inasmuch as evidence of a state of mind is nearly always indirect, willfulness may be inferred from the facts of the incident *(Matter of Damino v Board of Regents,* 124 AD2d 271, 273, *lv denied* 70 NY2d 613), which inferences, in the instant case, support the administrative findings.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.