■ In the Matter of TERUO HIROSE, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Respondent.—Kane, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

Petitioner, a surgeon, was found guilty in whole or in part of eight specifications of professional misconduct in relation to his care of five different patients. Expert testimony given at petitioner's hearings demonstrated that petitioner's care of two patients, designated as A and C, was extremely deficient and fell below acceptable medical standards before, during and after their respective surgeries. Expert testimony also demonstrated that petitioner left a clamp in patient B's abdomen and subsequently attempted to conceal the incident. Additional testimony by experts revealed that the pericardiocentesis and closed pericardial needle biopsy performed by petitioner on patient E were not consistent with acceptable medical practice and not fully explained by accompanying hospital records. After a recommendation from the Commissioner of Health that the Hearing Committee's findings be

adopted, the Regents Review Committee agreed with most of those findings and concluded that petitioner's license to practice medicine should be revoked. The Board of Regents (hereinafter Board) adopted those modified findings and respondent ordered petitioner's license revoked. This proceeding challenging that order followed.

The determination should be confirmed and the petition dismissed. As we have often stated, our review of the Board's determination is limited and revocation of a physician's license must be sustained if the finding of the physician's deficiencies is supported by substantial evidence in the record (see, Matter of Revici v Commissioner of Educ. of State of N. Y., 154 AD2d 797, 799; Matter of Reisner v Board of Regents, 142 AD2d 22, 28; Matter of O'Brien v Commissioner of Educ. of State of N. Y., 136 AD2d 837, 839; Matter of Goomar v Ambach, 136 AD2d 774, 777, lv denied 73 NY2d 701). Petitioner's argument that substantial evidence is lacking here revolve almost exclusively around issues of witness credibility. Determining which witness is believable, however, and the weight to be given their testimony are issues exclusively for resolution by the Board (see, Matter of Goomar v Ambach, supra; Matter of Melone v State of New York Educ. Dept., 115 AD2d 854, 855; Matter of Meltzer v Ambach, 78 AD2d 733; Matter of Dilluvio v Board of Regents, 60 AD2d 699).

It is our view that the record in this instance, and the expert testimony therein, provide the substantial evidence required to confirm. We reject petitioner's argument that his choice of surgery for patients A and C did not constitute professional misconduct. Expert testimony, which took into account the fact that patients A and C, as Jehovah's Witnesses, refused blood transfusions and/or radiotherapy, concluded that petitioner was negligent in undertaking such extensive surgery. This testimony was based in part on the expert's position that petitioner's medical chart notations, as well as the patients' conditions, did not warrant the procedures and that petitioner failed to proceed with proper testing before performing surgery.

We likewise cannot agree with petitioner's argument that the evidence does not support a finding that he left a clamp inside patient B's abdomen. The expert testimony that was provided conclusively found that an examination of patient B's X rays revealed a large clamp in the abdomen which was left during the first surgical procedure performed by petitioner and which petitioner attempted to cover up. We also

find, contrary to petitioner's contentions, that sufficient expert testimony exists to support the finding that the procedures performed on patient E were undertaken prematurely, at great risk to the patient, and without proper consideration of the patient's condition or the risks involved in the procedure chosen.

In sum, given the limited scope of our review and the fact that the record supports the Board's decision to accept some expert testimony over that of others, we find that the requisite substantial evidence exists to confirm.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ. concur.