■ In the Matter of JOSEPH J. LIBRA, Petitioner, v UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents.—Casey, J.

In December 1985, respondent Commissioner of Education implemented by order the decision of respondent Board of Regents finding petitioner, a veterinarian, guilty of gross

negligence on more than one occasion in connection with petitioner's treatment of five dogs. A penalty of suspension of petitioner's license to practice veterinary medicine for two years was imposed. These findings were considered supported by substantial evidence which was used as the standard of proof. Following petitioner's hearing, but prior to the report and recommendations of the hearing panel, Education Law § 6510 (3) (c) was amended to require proof of guilt by a "preponderance" rather than by "substantial" evidence *(see,* L 1984, ch 1018). In June 1986, following the commencement of petitioner's CPLR article 78 proceeding to review the determination, respondents moved this court to remit the matter for reconsideration under the amended standard. Upon petitioner's objection, we denied respondents' motion and ordered that briefs answering petitioner's proceeding be filed.

On petitioner's proceeding, now before us, he argues that this court should conduct its own review of the proceedings and apply the proper standard. Respondents request remittitur to them for reconsideration.

The Legislature has clearly delegated the authority to supervise the practice of the professions which it licenses to the Board of Regents (Education Law §§ 6504, 6505). The scope of judicial review in such a proceeding is limited to issues of law and whether the evidence is sufficient to support the administrative determination. A court may not conduct its own review of the facts and substitute its judgment for that of the administrative body *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Beyond the boundary of permitted judicial review, courts must defer to the expertise of the professional administrative determination made after a quasi-judicial hearing *(Matter of Sherman v Board of Regents,* 24 AD2d 315, 321). Contrary to petitioner's claim and in accord with respondents' request, remittal is necessary for reconsideration under the appropriate standard of proof *(cf. Matter of Cerminaro v Board of Regents,* 120 AD2d 262 [decided herewith]).

Recognizing this possibility, petitioner argues that in this event he is entitled to a new hearing. We do not agree. As it stands, the record of the hearing is complete in regard to the specifications filed against petitioner. A new determination based thereon must be made by respondents under the proper standard of proof.

Determination annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.