■ In the Matter of THOMAS SMITH, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Respondent. [617 NYS2d 806] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Social Services, dated January 30, 1992, which, after a hearing, denied the petitioner's application to expunge his name from the Statewide Central Register of Child Abuse and Maltreatment.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the petitioner's name is expunged from the Statewide Central Register of Child Abuse and Maltreatment.

Upon determining that there was "some credible evidence" supporting a report of child abuse against the petitioner, the respondent Commissioner upheld the petitioner's inclusion on the Statewide Central Register of Child Abuse and Maltreatment (hereinafter Central Register) *(see,* Social Services Law § 422 [8] [c] [ii]). We conclude that the respondent's determination must be annulled and the petitioner's name expunged from the Central Register.

The respondent's determination upholding the petitioner's placement on the Central Register was based upon a legal standard of review—whether the abuse is supported by "some credible evidence"—that is no longer viable in light of the holding of the United States Court of Appeals for the Second Circuit in *Valmonte v Bane* (18 F3d 992). In that case, the court held, *inter alia,* that the constitutionally mandated standard to be applied in such a case is whether the alleged abuse is supported by a fair preponderance of the evidence *(see, Valmonte v Bane, supra,* at 1002-1003; *cf.,* Social Services Law § 424-a [2] [d]). The proof adduced at the hearing was insufficient to meet this standard. Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.