[624 NYS2d 648]

In the Matter of LEE TT., Petitioner, v MICHAEL DOWLING, as Commissioner of the New York State Department of Social Services, et al., Respondents.

Third Department, April 6, 1995

APPEARANCES OF COUNSEL

*Kevin L. O'Brien,* Albany, for petitioner.

*Dennis C. Vacco, Attorney-General,* Albany *(Lew A. Millenbach* of counsel), for respondents.

**OPINION OF THE COURT**

CREW III, J.

In July 1991, a report was made to the New York State Central Register of Child Abuse and Maltreatment (hereinafter Central Register) alleging that petitioner had sexually abused his then 16-year-old stepdaughter. Concluding that there was "some credible evidence" to support the report, the report was indicated; petitioner was advised of this fact and thereafter requested that the report be expunged. When petitioner's request was denied, he sought a fair hearing pursuant to Social Services Law § 422 (8) (b). At the conclusion of that hearing, at which petitioner and his stepdaughter testified, the Administrative Law Judge (hereinafter ALJ) concluded that there was "some credible evidence" that the sexual abuse and maltreatment had occurred and, further, that such acts were relevant and reasonably related to petitioner's employment by a child care agency *(see,* Social Services Law § 422 [8] [c] [ii]). Accordingly, respondent State Commissioner of Social Services declined to order expungement. Petitioner thereafter commenced this CPLR article 78 proceeding, alleging that the determination was not supported by substantial evidence and, further, that he was denied due process of law.

Initially, we reject petitioner's assertion that the ALJ abused his discretion in permitting petitioner's stepdaughter to testify as a rebuttal witness. Not only did petitioner fail to

object to her testimony once she arrived at the hearing, but it is apparent that petitioner's counsel was prepared to and did in fact effectively cross-examine her.

■ As to petitioner's due process claim, we note that at the time of petitioner's administrative hearing, the standard for reviewing an expungement request was whether there was "some credible evidence" to support the allegations at issue *(see,* Social Services Law § 422 [8] [a], [b]); if so, the request was denied. Shortly thereafter, the Second Circuit decided *Valmonte v Bane* (18 F3d 992), wherein it concluded that the "some credible evidence" standard set forth in Social Services Law § 422 did not afford adequate due process protection. Petitioner, relying upon the Second Circuit's decision in *Valmonte,* asserts that he was denied due process at the administrative hearing and requests, at a minimum, that we remit this matter for a new hearing under the "preponderance of the evidence" standard.

To the extent that *Valmonte* stands for the proposition that the "preponderance of the evidence" standard must be applied to *each* of the enumerated steps outlined in Social Services Law § 422,[1] we disagree. In our view, utilizing the "some credible evidence" standard to determine whether a report should be marked indicated or unfounded (Social Services Law

---

1. The statutory framework set forth in Social Services Law § 422 may be summarized as follows. Respondent State Department of Social Services maintains a toll-free telephone hotline to receive reports of abuse and maltreatment *(see,* Social Services Law § 422 [2] [a]). Upon receipt of a complaint, it must be determined whether the acts alleged, if true, "could reasonably constitute a report of child abuse or maltreatment" *(ibid.)* and, if so, the matter must be referred to the appropriate local agency for an investigation *(see, ibid.),* which must determine within 60 days whether the report is " 'indicated' " or " 'unfounded' " (Social Services Law § 424 [7]). If the report is unfounded, the report is expunged from the Central Register *(see,* Social Services Law § 422 [5]). If, however, the local agency finds that there is "some credible evidence" to support the report, the report is indicated and the subject of the report is placed on the Central Register *(ibid.).* The subject of an indicated report may request that the report be expunged or amended *(see,* Social Services Law § 422 [8] [a]), and if that request is denied, the subject has the right to a fair hearing *(see,* Social Services Law § 422 [8] [a], [b]). The standard applied at both the initial administrative review of the expungement request and the fair hearing is whether there is "some credible evidence" demonstrating that the subject of an indicated report committed the acts giving rise to the report *(see,* Social Services Law § 422 [8]). Finally, if the expungement request is denied after an administrative hearing, the subject of the report may commence a proceeding pursuant to CPLR article 78 to challenge the underlying determination.

§ 422 [5]) and, further, whether a request to amend or expunge an indicated report should be granted in the first instance *(see,* Social Services Law § 422 [8] [a]), is entirely appropriate. We are persuaded, however, for the reasons set forth in the Second Circuit's decision in *Valmonte,* that due process requires that the "preponderance of the evidence" standard be applied to the administrative hearing conducted pursuant to Social Services Law § 422 (8) (b) *(see, Matter of Smith v Perales,* 208 AD2d 752). Accordingly, this matter must be remitted to the Commissioner for a new determination based upon the appropriate standard of proof *(see, Matter of Libra v University of State of N. Y.,* 124 AD2d 939, 940, *appeal dismissed* 69 NY2d 933, *lv denied* 70 NY2d 603; *but see, Matter of Smith v Perales, supra).*[2]

MIKOLL, J. P., MERCURE, WHITE and PETERS, JJ., concur.

Adjudged that the determination is annulled, with costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.

---

**2.** Contrary to petitioner's assertion, he is not entitled to a new hearing on this issue *(see, Matter of Libra v University of State of N. Y., supra).* Additionally, we reject petitioner's claim that the proof adduced at the administrative hearing was insufficient to satisfy the some credible evidence standard set forth in Social Services Law § 422 (8) (b). Whether such proof is sufficient to satisfy the preponderance of the evidence standard now required by *Valmonte* is a matter for the Commissioner's determination.