■ In the Matter of JOEL P. et al., Petitioners, v MARY JO BANE, as Commissioner of New York State Department of Social Services, et al., Respondents. [625 NYS2d 542] —Petition, transferred to this Court pursuant to CPLR article 78 by order of the Supreme Court, New York County (Beverly Cohen, J.), dated September 29, 1994, which seeks to annul a Decision after Fair Hearing of the New York State Department of Social Services dated October 20, 1993, upholding the determination of the New York City Department of Social Services and Louise Wise Services for Children to remove three foster children from petitioners' home and denying their request to expunge their names from the New York State Central Register of Child Abuse and Maltreatment, unanimously granted, without costs, the determination annulled and the matter remanded to the Department of Social Services for a new determination on the original record on the basis of a fair preponderance of the evidence.

Petitioners Joel and Aracelis P. were the foster parents of three children who suffered from a variety of pre-existing physical and psychological problems at the time of their placement with petitioners. On November 8, 1990, the psychologist at the school attended by one foster child, Michelle D., filed a report of suspected child abuse or maltreatment ("2221 Report") with the New York State Central Register for Child Abuse and Maltreatment ("Central Register") stating that then 5-year-old Michelle was exhibiting sexual acting-out behavior. The City's Office of Confidential Investigations immediately began an investigation into the charges. The New York State Department of Social Services concluded that sexual abuse was "indicated" and removed Michelle and another child, Jennifer S., from the P.s' care. The third foster child, George "Joey" S., was subsequently also removed from their home. Petitioners thereupon sought to have their names expunged from the Central Register. This request was denied by the Director of the Central Register and the fair hearing ensued.

After taking testimony on some 13 dates from July 25, 1991 to May 20, 1993, the Office of Administrative Hearings issued a Decision After Fair Hearing on September 20, 1993. The determination concludes that "some credible evidence" of sexual abuse and inadequate guardianship exists to support removal of the children from the P.s' care. It therefore denied petitioners' request to expunge their names from the Central Register.

On February 22, 1994, petitioners commenced the instant article 78 proceeding seeking to review the determination. The matter was transferred to this Court by order of the Supreme Court dated September 29, 1994, stating only, "Upon the foregoing papers, it is ordered that this petition is transferred to the Appellate Division pursuant to Art. 78."

Petitioners argue that the decision by New York State Department of Social Services must be reversed. They rely on the decision of the Second Circuit Court of Appeals in *Valmonte v Bane* (18 F3d 992) that found the statutory procedure for placement on the Central Register to be a violation of due process. The impairment of employment opportunity resulting from inclusion on the registry was found to satisfy the "stigma plus" test so as to constitute deprivation of a liberty interest *(see, Paul v Davis,* 424 US 693). The burden of proof represented by the "some credible evidence" standard was found to present an unacceptably high risk of error in proceedings that otherwise strike a balance between the private interest affected and the governmental interest in the protection of children (citing *Mathews v Eldridge,* 424 US 319). The Circuit Court concluded that the standard of a fair preponderance of the evidence is appropriate to the evaluation of a charge of abuse, requiring the trier of fact to weigh the conflicting testimony and proof. The Appellate Division, Second Department, applying *Valmonte,* annulled a determination of the Department of Social Services in *Matter of Smith v Perales* (208 AD2d 752).

Respondents argue that the decision by the Office of Administrative Hearings is supported by substantial evidence in the record. Their argument is therefore based upon CPLR 7803 (4). Petitioners' objection to the determination, however, is that it was reached by applying a constitutionally inadequate standard of proof and is thereby grounded in CPLR 7803 (3). Before transferring the case to this Court, Supreme Court should have examined the basis for review to determine whether a substantial evidence question was implicated. However, this Court is empowered to decide any aspect of the proceeding, irrespective of how the matter came before it (CPLR 7804 [g]).

The contention that the procedure employed by the Department of Social Services violates petitioners' due process rights is reviewable pursuant to CPLR 7803 (3) *(Solnick v Whalen,* 49 NY2d 224, 230-231). Having deprived petitioners of their right to due process by application of a standard of proof that is constitutionally infirm, the determination is in violation of

lawful procedure and must be annulled. Although the record contains substantial evidence supporting petitioners' inclusion on the Central Register, in view of our disposition, we do not reach this issue. Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Tom, JJ.