■ In the Matter of JANICE A. M. P., Petitioner, v MARY JO BANE, as Commissioner of the New York State Department of Social Services, et al., Respondents. [629 NYS2d 702] —Determination unanimously annulled on the law without costs and matter remitted to respondent Commissioner, New York State Department of Social Services, for further proceedings in accordance with the following Memorandum: Petitioner contends that the determination of the Commissioner of the New York State Department of Social Services (respondent) that denied her application to expunge her name from the New York State Central Register of Child Abuse and Maltreatment based on "some credible evidence" of maltreatment (Social Services Law § 422 [8] [c] [ii]) deprived her of due process. Although petitioner did not raise that objection at the administrative hearing, the constitutionality of that section may be raised in the first instance in a judicial proceeding (see, *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375-376).

In *Valmonte v Bane* (18 F3d 992, 1001-1005), the United States Court of Appeals for the Second Circuit held that the State's use of "some credible evidence" as the standard to determine whether to expunge an individual's name from the State-wide register violated due process. The Second Department in *Matter of Smith v Perales* (208 AD2d 752) and the Third Department in *Matter of Lee TT. v Dowling* (211 AD2d 46) subsequently held that the constitutionally mandated standard that must be applied following an administrative hearing on a request for expungement is whether the report of alleged maltreatment is supported by a fair preponderance of the evidence. We agree. Inasmuch as respondent determined petitioner's request using the "some credible evidence" standard, the determination must be annulled. Further, because the parties' proof at the hearing was based on the "some credible evidence" standard and petitioner's request was determined under that standard, we remit the matter to respondent for a further hearing, if it is deemed necessary, and for a determination of petitioner's request based on the "fair preponderance of the evidence" standard. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Livingston County, Cicoria, J.) Present—Pine, J. P., Lawton, Callahan, Davis and Boehm, JJ.