■ In the Matter of ROBERT OO., Petitioner, v MICHAEL J. DOWLING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [629 NYS2d 494] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Social Services which denied petitioner's application to expunge the records of the New York State Central Register of Child Abuse and Maltreatment relating to him.

In October 1989, a report was made to the New York State Central Register of Child Abuse and Maltreatment (hereinafter Central Register) alleging that petitioner, a licensed teacher, had sexually abused his then 2½-year-old daughter. The matter was investigated by the Albany County Department of Social Services (hereinafter the Department) and the report was marked "indicated"; petitioner was advised of this fact and subsequently requested that the report be expunged from the Central Register.[1] Following the denial of this request in June 1993, petitioner sought a fair hearing pursuant to Social Services Law § 422 (8) (b). At the conclusion of that hearing, at which petitioner provided the only live testimony,[2] a different Administrative Law Judge (hereinafter ALJ) concluded that there was "some credible evidence" of the alleged sexual abuse and maltreatment and, further, that such acts were relevant and reasonably related to petitioner's employment. Accordingly, respondent State Commissioner of Social Services (hereinafter the Commissioner) declined to order expungement. Petitioner thereafter commenced this CPLR article 78 proceeding alleging, *inter alia*, that he was denied due process of law.

Petitioner's due process argument has two prongs. First petitioner, relying upon our recent decision in *Matter of Lee TT. v Dowling* (211 AD2d 46), contends that application of the

1. In the interim, a child abuse proceeding was commenced in Family Court. Ultimately, the charges against petitioner in that proceeding were adjourned in contemplation of dismissal.

2. The Department chose to proceed based upon documentary evidence, including the Central Register report and certain portions of the transcript from the related Family Court proceeding.

"some credible evidence" standard at the administrative hearing conducted pursuant to Social Services Law § 422 (8) (b) failed to afford him adequate due process protection. Petitioner is correct. In *Lee TT.* this Court, adopting the reasoning set forth in the Second Circuit's decision in *Valmonte v Bane* (18 F3d 992), held that "due process requires that the 'preponderance of the evidence' standard be applied to the administrative hearing conducted pursuant to Social Services Law § 422 (8) (b)" (*Matter of Lee TT. v Dowling, supra,* at 48; *see, Matter of Smith v Perales,* 208 AD2d 752). Although respondents have invited this Court to reconsider our decision in *Lee TT.,* we decline to do so.

The remainder of petitioner's due process claim concerns the manner in which the administrative hearing was conducted. In this regard, petitioner contends that he was denied his right to confront and cross-examine witnesses as a result of the ALJ's decision to permit the Department to present its case through, *inter alia,* selected transcripts from the related Family Court proceeding and documents maintained by the Central Register. We disagree. As respondents correctly note, hearsay is admissible in administrative proceedings and, if sufficiently relevant and probative, may constitute substantial evidence to support the underlying determination (*see, People ex rel. Vega v Smith,* 66 NY2d 130, 139). The testimony to which petitioner objects plainly was relevant and probative regarding the alleged abuse. Additionally, such testimony was, with one exception,[3] sworn testimony, provided in a proceeding to which petitioner was a party and at which petitioner was represented by counsel. Furthermore, the testimony was subject to cross-examination, thereby possessing a high degree of reliability. Moreover, petitioner certainly could have subpoenaed the subject witnesses (*see, Matter of Anderson v Bane,* 199 AD2d 708, 710; *Matter of De Carlo v Perales,* 131 AD2d 31, 34) and to the extent he chose not to do so, he cannot now be heard to complain. We reach a similar conclusion regarding the documents maintained by the Central Register.[4] Petitioner's remaining arguments on this point are meritless.

---

3. The testimony offered by petitioner's then-infant daughter was not sworn, but Family Court was satisfied, based upon its colloquy with the child, that she appreciated the difference between the truth and a lie.

4. Contrary to petitioner's assertion, such a result does not impermissibly shift the burden of proof in this proceeding to him. Plainly, petitioner was not responsible for proving the Department's case. To the extent that petitioner felt compelled to mount a defense, however, we see no reason not to hold him accountable for at least attempting to secure whatever testimony or other evidence he deemed relevant to that defense.

In conclusion, inasmuch as petitioner has failed to establish any infirmity in the administrative hearing, there is no basis for granting a de novo hearing in this matter. Accordingly, in accordance with the procedure set forth in *Matter of Lee TT. v Dowling* (*supra*), this matter must be remitted to the Commissioner for a new determination based upon the appropriate standard of proof. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.