■ In the Matter of J.A. MARSHALL SHEET METAL & ROOFING, INC., Petitioner, v STATE OF NEW YORK et al., Respondents. [633 NYS2d 628] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme

Court, entered in Albany County) to review a determination of respondent Department of Economic Development which denied petitioner's request for certification as a woman-owned business enterprise.

Petitioner is a New York corporation engaged in the manufacture and installation of sheet metal constructions. In 1992, petitioner applied for certification as a woman-owned business enterprise and was found ineligible. Following a hearing before an Administrative Law Judge (hereinafter ALJ), respondent Department of Economic Development (hereinafter respondent) rejected the ALJ's recommendation that the denial be reversed and concluded that petitioner was ineligible. Petitioner thereafter commenced this CPLR article 78 proceeding to annul that determination.

Petitioner initially was organized as a sole proprietorship in 1937 by John Marshall, Sr. (hereinafter Marshall, Sr.). In 1960, Marshall, Sr. incorporated the business and became its sole shareholder. Upon retiring in 1972, Marshall, Sr. gave his entire interest in petitioner to his daughter-in-law, Eva Marshall (hereinafter Marshall). At that time, Marshall's husband was employed by petitioner as a sheet metal worker. At the time of petitioner's application for certification, Marshall owned 51% of petitioner's stock, with her spouse and her son, who also worked for petitioner as a sheet metal worker, owning 16% and 33%, respectively.

Petitioner's initial contention is that respondent misinterpreted its rules and regulations by focusing its inquiry as to whether petitioner satisfied the criteria of a woman-owned business upon the time when Marshall acquired her ownership interest. Petitioner contends that the focus of the inquiry should be upon the time of petitioner's application for certification, which occurred some 20 years after the transfer of ownership in petitioner.

To the extent that petitioner contends that it is irrational to focus solely upon when the ownership interest is acquired in determining eligibility for certification, we agree. If that were the rule, then a business that did not qualify for certification at the time of its creation would be forever foreclosed from such certification. While a fair reading of respondent's order does not demonstrate that respondent relied solely upon the time period when ownership of petitioner was transferred to Marshall, it is clear that respondent placed substantial weight upon the various qualifying criteria as they existed at that time.

For instance, in its order respondent asserted that the rele-

vant inquiry was whether Marshall contributed money, expertise or equipment to petitioner at the time the shares of petitioner were transferred to her in 1973 and concluded that she made no such contribution. Respondent then purported to determine whether Marshall subsequently acquired the requisite expertise to operate petitioner. In concluding that she did not, however, respondent observed that her resume did not reflect any prior work experience in sheet metal fabrication and, as additional support for that conclusion, adopted the reasoning set forth in the original denial letter, which clearly focused upon Marshall's training and work experience prior to her receiving the shares of petitioner. While it is clear that respondent did consider certain disqualifying factors that existed at the time of the application for certification, we are unable to determine what part those factors played in respondent's ultimate finding of ineligibility.

Inasmuch as we perceive respondent as having adopted an improper standard for determining eligibility, and we are unable to determine to what extent the standard adopted affected respondent's ultimate determination, this matter must be remitted to respondent for a determination utilizing the qualifying factors present at the time of petitioner's application for certification (*cf., Matter of Libra v University of State of N. Y.*, 124 AD2d 939, 940, *appeal dismissed* 69 NY2d 933, *lv denied* 70 NY2d 603). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mercure and Spain, JJ., concur.

Casey, J. (concurring in part and dissenting in part). I agree with the majority that the determination of respondent Department of Economic Development (hereinafter respondent) should be annulled, but not because of respondent's use of an improper standard for determining petitioner's eligibility as a woman-owned business. Rather, it is my view that respondent's factual findings lack the necessary support of substantial evidence in the record and its determination is irrational. Accordingly, I would not remit the matter to respondent for reconsideration.

Respondent's eligibility determination is based upon four factors: (1) the contribution by Eva Marshall (hereinafter Marshall) to petitioner in proportion to her equity interest in the business, (2) Marshall's experience or technical competence in the business enterprise, (3) Marshall's responsibility for making decisions pertaining to the operations of the business, and (4) Marshall's share in the risks and profits of the business. These factors are clearly appropriate eligibility criteria (*see,* 9

NYCRR former 544.2, now contained in 5 NYCRR 144.2). With regard to the first factor, respondent found that Marshall made no contribution to the business because the business was given to her by her father-in-law some 20 years earlier. Although the contribution of expertise is relevant (see, 5 NYCRR 144.2 [a] [1]), respondent concluded that Marshall's expertise would not be considered because it was gained through her experience after she acquired petitioner. It is my view that the inquiry should focus not on when Marshall gained her expertise, but on whether she was being adequately compensated by the business for the performance of her duties and responsibilities. If so, she was not contributing her expertise to the business; if not, at least a part of her efforts on behalf of the business constituted a contribution. With regard to one of the other factors, respondent concluded that Marshall was not being paid a salary commensurate with her position because her salary was less than the wages earned by her son and husband, who were employed by petitioner as sheet metal workers. Marshall explained that the wages for her husband and son, and for all other sheet metal workers employed by petitioner, were fixed by the union contract, and that her salary was based solely upon what the business could afford. In these circumstances, Marshall clearly made contributions of expertise to petitioner.

As to the second and third factors relied upon by respondent, Marshall's undisputed testimony demonstrates that for some 20 years she decided what contracts to bid, prepared bids, ordered material, scheduled work, purchased equipment, hired and fired personnel, and made all of the other decisions that would be expected of the president of a small sheet metal business such as petitioner. Respondent noted that Marshall lacked experience in actual sheet metal fabrication, but she obviously had sufficient expertise to run a sheet metal business for some 20 years. Respondent also noted that Marshall's husband and son provided assistance in the areas of supervision and estimates, but the undisputed evidence in the record is that Eva Marshall made all of the final decisions in these areas.

As to the fourth factor, Marshall testified without contradiction that she withdrew cash from petitioner at the end of the year when business was good and that she loaned money to petitioner to cover expenses when business was poor. Clearly, she shared in the risks and profits of petitioner.

As is apparent from respondent's brief, respondent is of the view that although Marshall owns 51 percent of petitioner and is its president, petitioner is a family-owned business, not a woman-owned business (see, Matter of Northeastern Stud Weld-

*ing Corp. v Webster*, 211 AD2d 889). There is, however, no evidence in the record that control of petitioner's day-to-day operations is shared by family members or that decisions about which jobs to bid and how much to bid are made by anyone other than Marshall. The mere fact that the business was started by Marshall's father-in-law and that Marshall's husband and son are minority shareholders employed by petitioner as sheet metal workers does not provide a rational basis for respondent's denial of petitioner's application. The determination should, therefore, be annulled and the petition granted.

Adjudged that the determination is annulled, with costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.