■ In the Matter of Nils TT., Petitioner, v New York State Department of Social Services et al., Respondents. [634 NYS2d 778] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Department of Social Services which denied petitioner's request to have his name expunged from the State Central Register of Child Abuse and Maltreatment.

On November 6, 1991, the State Central Register of Child Abuse and Maltreatment (hereinafter the Central Register) received a report alleging that petitioner had maltreated his two daughters. On December 23, 1991, the Central Register received another report of suspected child abuse which made allegations similar to those stated in the earlier report. These reports were subsequently investigated by respondent Albany County Department of Social Services and the Rensselaer County Department of Social Services and indicated against petitioner (*see*, Social Services Law § 412 [12]). Thereafter, petitioner requested that the record of the report be expunged (*see*, Social Services Law § 422 [8]). After such request was denied, petitioner sought a fair hearing pursuant to Social Services Law § 422 (8). An Administrative Law Judge determined that "some credible evidence" existed to support the reports and, accordingly, denied petitioner's request for expungement. This proceeding ensued.

Petitioner challenges the constitutionality of Social Services Law § 422 (8) by alleging that the "some credible evidence" standard used at his fair hearing violates due process.* As we stated in *Matter of Robert OO. v Dowling* (217 AD2d 785), following our recent decision in *Matter of Lee TT. v Dowl-*

---

* Petitioner's failure to raise this constitutional claim at the administrative hearing does not preclude judicial review (*see*, *Watergate II Apts. v Buf-*

*ing* (211 AD2d 46, *lv granted* 86 NY2d 706), due to the high risk of error produced by the "some credible evidence" standard used in administrative expungement hearings, due process protection warrants a replacement thereof with the higher "preponderance of the evidence" standard (*Matter of Robert OO. v Dowling, supra,* at 786; *see, Matter of Lee TT. v Dowling, supra; see also, Valmonte v Bane,* 18 F3d 992). Such determination, however, does not undermine the use of the "some credible evidence" standard for an initial determination to indicate a report or for an initial administrative review of that determination to expunge or amend such report. To the extent that petitioner urges the adoption of the higher "preponderance of the evidence" standard for each of the enumerated steps set forth in Social Services Law § 422 on due process grounds, we have previously considered such contention and rejected it (*see, Matter of Lee TT. v Dowling, supra,* at 48-49).

As to any attempt by respondents to carve out an exception to this higher standard for those, like petitioner, not actively seeking child care employment by equating their administrative expungement hearing held pursuant to Social Services Law § 422 (8) to an internal department process where nothing more than a showing of "some credible evidence" is required, it is rejected. As reasoned in *Valmonte v Bane* (18 F3d 992, *supra*), the inclusion of petitioner on the Central Register implicates a liberty interest protected by due process by placing a tangible burden on his desired adoption prospects (*supra,* at 1001). Moreover, it is by now well settled that employing anything less than a preponderance of the evidence standard in expungement hearings conducted pursuant to Social Services Law § 422 (8) (b) is violative of due process (*see, Matter of Robert OO. v Dowling, supra; Matter of Lee TT. v Dowling, supra; see also, Valmonte v Bane, supra*).

In accordance with *Matter of Lee TT. v Dowling* (*supra*), we remit this matter to respondent State Department of Social Services for a new determination utilizing the preponderance of the evidence standard. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to respondent State Department of Social Services for further proceedings not inconsistent with this Court's decision.

---

*falo Sewer Auth.,* 46 NY2d 52, 57; *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375) since the constitutionality of the statute under which the agency acted is directly in dispute.