■ In the Matter of WALTER W., Petitioner, v STATE OF NEW YORK DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [651 NYS2d 726] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Social Services which denied petitioner's request to have his name expunged from the State Central Register of Child Abuse and Maltreatment.

On January 9, 1992, petitioner's name was placed on the

State Central Register of Child Abuse and Maltreatment (hereinafter Central Register) following the receipt and investigation of a report that petitioner, an employee of the Tryon Girls Residential Center of the Division for Youth (hereinafter Division for Youth), had maltreated Kimberly H., a resident at the Division for Youth. Petitioner was advised of this fact and subsequently requested that his name be removed from the Central Register, which request was denied. Petitioner sought a fair hearing on the matter pursuant to Social Services Law § 422 (8) (b), after which his request was again denied. The Administrative Law Judge (hereinafter ALJ) held that there was some credible evidence that petitioner maltreated Kimberly H. Petitioner requested that respondents reconsider the ALJ's determination based upon an arbitration decision rendered December 16, 1991 in a disciplinary proceeding against petitioner by the Division for Youth, in which it was found that the Division for Youth failed to prove by a preponderance of the evidence that petitioner maltreated Kimberly. Petitioner's request for reconsideration was denied by respondent Commissioner of Social Services on August 24, 1994. Petitioner's name thus remained on the Central Register.

In *Matter of Lee TT. v Dowling* (87 NY2d 699), the Court of Appeals held that due process requires that a report of suspected abuse must be supported by a fair preponderance of the evidence before it may be released to providers or licensing agencies. Petitioner is correct in urging that an incorrect standard of proof was used by the ALJ at the hearing and the matter must be annulled and remitted for a new hearing based upon a "fair preponderance of the evidence" standard (*supra*, at 712). If no preponderance of evidence is established at the new hearing, petitioner's name must be expunged, as a liberty interest is involved (*see, Matter of Nils TT. v New York State Dept. of Social Servs.*, 221 AD2d 874, 874-875, *lv denied* 87 NY2d 812).

Since the report was found to be supported by some credible evidence, expungement is not warranted at this point. During the investigative process the information may be retained in the Central Register on the strength of some credible evidence and released only under the terms and conditions listed in Social Services Law § 422 (4) (A) (*see, Matter of Lee TT. v Dowling, supra*, at 712).

We reject petitioner's contention that the arbitration determination in his favor in his disciplinary proceeding binds respondents in the instant matter. The disciplinary matter

dealt with the question of whether petitioner violated the employment policies of the Division for Youth while the instant proceeding involves the maltreatment of Kimberly. Considerations of res judicata or collateral estoppel are not implicated in this proceeding in that the respective parties were not the same in the two matters nor were the issues the same (see, *Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501).

Any other claims concerning a violation of petitioner's due process rights in the administrative proceedings need not be addressed at this juncture since we have ordered a new hearing.

Crew III, White, Casey and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.