■ In the Matter of OMAR RODRIGUEZ, Petitioner, v MARK R. CHASSIN, as Commissioner of Health of the State of New York, et al., Respondents. [652 NYS2d 423] —Mikoll, J. P. Proceeding

---

pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

On April 25, 1991, petitioner, a physician, pleaded guilty to attempted grand larceny in the third degree and conspiracy in the fifth degree. Petitioner admitted that he signed prescriptions and prior authorization forms for dispensing medical equipment which he knew was not needed by patients with the intent that the Medicaid program pay for it. As part of the plea bargain, petitioner was to be conditionally discharged with a $2,500 fine. However, at the time of sentencing, it was revealed that petitioner had been employed in another Medicaid facility and was signing prescriptions under another physician's name. As a result, petitioner was instead sentenced to a term of probation along with the fine.

Thereafter, in March 1994, petitioner was charged with a single specification of professional misconduct based on the criminal conviction and was notified that a direct referral proceeding limited to the issue of the penalty to be imposed would take place before a Committee on Professional Medical Conduct (hereinafter the Committee) of respondent State Board of Professional Medical Conduct. The hearing was originally scheduled for May 11, 1994. It was, however, not held until July 14, 1994 due to two adjournments requested by petitioner's counsel because of his involvement in another trial matter. On the scheduled date of the hearing, petitioner's counsel appeared but petitioner was not present. Petitioner's counsel requested another adjournment based on petitioner being ill. In support thereof, counsel submitted his own "affirmation of disability" as well as a physician's handwritten note stating that petitioner was not able to appear because he was suffering from "gastroenteritis and dehydration". Neither document was sworn to. In refusing the request, the Committee found the documentation insufficient to warrant an adjournment due to illness. Petitioner's counsel refused to participate further in the proceeding and left. The hearing continued and the Committee sustained the charge of professional misconduct based on petitioner's criminal conviction. In light of the seriousness of the offense as well as the further revelations at petitioner's sentencing, the Committee ordered that petitioner's license be revoked. On administrative appeal to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB), the penalty was sustained. The ARB also rejected petitioner's claim that the hearing should have been adjourned. Petitioner then commenced this proceeding.

We reject petitioner's contention that his due process rights were violated due to the Committee's refusal to grant yet another adjournment. Due process considerations do not require petitioner to have been present at the hearing (*see, Matter of Lazachek v Board of Regents,* 101 AD2d 639, *lv denied* 63 NY2d 608). In addition, the notice of referral proceeding explicitly stated that the "proceeding may be held whether or not you appear". We also find no error in the Committee's rejection of the proffered excuse for petitioner's inability to attend. The record supports the conclusion that petitioner failed to substantiate the claim of illness. His counsel's affirmation was not subscribed and affirmed by him to be true (*see,* CPLR 2106). In addition, the physician's note was not notarized or sworn to. We also note that two prior adjournments had already been granted. Petitioner's counsel was present and it was counsel's choice not to participate further in the matter. Petitioner was given the required notice and opportunity to be heard and it cannot be said that the Committee was not justified in denying the final request for an adjournment (*see, Matter of Dorsey v Board of Regents,* 87 AD2d 728; *see also, Matter of Laverne v Sobol,* 149 AD2d 758, *lv denied* 74 NY2d 610). Petitioner's remaining arguments have been reviewed and rejected as lacking in merit.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.