■ In the Matter of LEE TT., Petitioner, v BRIAN WING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [669 NYS2d 719] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany

County) to review a determination of respondent Commissioner of Social Services which denied petitioner's request to have his name expunged from the State Central Register of Child Abuse and Maltreatment.

When this matter was last before us petitioner, who was alleged to have sexually abused his then 16-year-old stepdaughter, sought review of a determination denying his request to expunge his name from the New York State Central Register of Child Abuse and Maltreatment (hereinafter Central Register) (see, Matter of Lee TT. v Dowling, 211 AD2d 46, affd 87 NY2d 699). This Court granted petitioner's request, finding that the "some credible evidence" standard employed at the underlying administrative hearing violated due process, and remitted the matter for a new determination based upon the "preponderance of the evidence" standard of proof (id.). Upon remittal, a designee of respondent Commissioner of Social Services found that the proof established by a preponderance of the evidence that petitioner indeed had committed the acts giving rise to the indicated report of abuse and maltreatment. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, challenging the determination denying his request to expunge his name and records from the Central Register.

Petitioner, as so limited by his brief, contends that he should have been afforded a new hearing upon remittal.[1] We cannot agree. As a starting point, petitioner's assertion that due process mandates that he be afforded a new hearing was considered and rejected by this Court when this matter was last before us (see, id., at 49, n 2). Moreover, petitioner once again has failed to demonstrate any infirmity in the hearing itself— save the initial application of an erroneous standard of proof. Under such circumstances, the appropriate remedy upon remittal is, as this Court consistently has held, a new determination based upon the existing record utilizing the appropriate standard of proof (see, Matter of Nils TT. v New York State Dept. of Social Servs., 221 AD2d 874, lv denied 87 NY2d 812; Matter of Robert OO. v Dowling, 217 AD2d 785, affd 87 NY2d 1043; Matter of Lee TT. v Dowling, supra), which is precisely what petitioner received here.[2]

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur.

---

1. Although petitioner raised a substantial evidence issue in his petition, he has not pursued that point in his brief and, hence, we deem any argument in this regard to be abandoned.

2. To the extent that petitioner contends that this Court's recent decision in Matter of Walter W. v State of N. Y. Dept. of Social Servs. (235 AD2d 592,

Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

*lv denied* 89 NY2d 813) supports his claim that he is entitled to a new hearing, we need note only that a review of the briefs in the cited case reveals that the petitioner therein raised various defects with respect to the hearing itself.