■ In the Matter of NILS TT., Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [673 NYS2d 338] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request to have his name expunged from the State Central Register of Child Abuse and Maltreatment.

Upon petitioner's previous request to review a determination denying expungment of his name from the State Central Register of Child Abuse and Maltreatment (*see, Matter of Nils TT. v New York State Dept. of Social Servs.*, 221 AD2d 874, *lv denied* 87 NY2d 812), we remitted the matter to respondent for a determination consistent with *Matter of Lee TT. v Dowling* (211 AD2d 46, *affd* 87 NY2d 699), utilizing the "preponderance of the evidence" standard.

Upon remittal, it was determined that expungment would be denied since the two reports concerning petitioner's maltreat-

ment of his two daughters were supported by this evidentiary standard. Petitioner thereafter commenced this CPLR article 78 proceeding contending that hearsay evidence alone cannot constitute the requisite "substantial evidence" to support that determination. We disagree.

Hearsay is admissible in expungment hearings and, " 'if sufficiently relevant and probative, may constitute substantial evidence to support the underlying determination' " (*Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014, quoting *Matter of Robert OO. v Dowling*, 217 AD2d 785, 786). To the extent that petitioner raises the question of substantial evidence, we find sufficient evidence throughout this record supporting the determination rendered (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139).

As to petitioner's contention that he should have been afforded a new hearing before a different Administrative Law Judge, again we disagree. We find no infirmity in the original hearing to require anything other than a new determination, upon the existing record, utilizing the proper standard of review (*see, Matter of Lee TT. v Wing*, 248 AD2d 785). Accordingly, respondent's determination is confirmed.

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs and petition dismissed.