■ In the Matter of FREDERICK G. et al., Petitioners, v NEW YORK STATE CENTRAL REGISTER OF CHILD ABUSE AND MALTREATMENT et al., Respondents. [861 NYS2d 554]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial

Department by order of the Supreme Court, Onondaga County [Anthony J. Paris, J.], entered November 16, 2007) to review a determination of respondent New York State Central Register of Child Abuse and Maltreatment. The determination, insofar as challenged by petitioner Frederick G., denied his request to amend an indicated report of child maltreatment with respect to his daughter to an unfounded report and to seal the amended report.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner father challenges that part of the determination denying his request to amend an indicated report of child maltreatment with respect to his daughter to an unfounded report and to seal the amended report of respondent New York State Central Register of Child Abuse and Maltreatment with respect to the report concerning his daughter. We note at the outset that he does not raise any issue with respect to the report concerning his son and thus is deemed to have abandoned any contention with respect to his son.

Contrary to the contention of the father, respondent Onondaga County Department of Social Services (DSS) met its burden at the fair hearing of establishing by a fair preponderance of the evidence that the father committed the acts of maltreatment giving rise to the indicated report (see Social Services Law § 424-a [2] [d]). Upon our review of the record, we conclude that DSS established that the father maltreated his daughter by the use of excessive corporal punishment and "that such corporal punishment impaired or was in imminent danger of impairing [his] daughter's physical, mental, or emotional condition" (*Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292, 1293 [2008]; *see generally Matter of Robert OO. v Dowling*, 217 AD2d 785, 785-786 [1995], *affd* 87 NY2d 1043 [1996]).

We reject the further contention of the father that he was deprived of his right to due process based on the denial by the Administrative Law Judge (ALJ) of his request for an adjournment of the fair hearing and based on the ALJ's admission of hearsay evidence, which resulted in the denial of his opportunity to cross-examine witnesses. The ALJ did not abuse his discretion in denying the father's request for an adjournment, made three days before the fair hearing (*see generally Matter of Kosich v New York State Dept. of Health*, 49 AD3d 980, 982-983 [2008]). In addition, "[h]earsay evidence is admissible in administrative hearings . . . , and such evidence may serve as 'the basis of an administrative determination' without violating [due process

rights or the right of confrontation]" (*Matter of Scaccia v Martinez*, 9 AD3d 882, 883-884 [2004]). In any event, the father "certainly could have subpoenaed the subject witnesses . . . and[,] to the extent he chose not to do so, he cannot now be heard to complain" (*Robert OO.*, 217 AD2d at 786; *see Matter of City of Utica, Bd. of Water Supply v New York State Health Dept.*, 96 AD2d 719 [1983]). Present—Martoche, J.P., Smith, Lunn and Pine, JJ.