In the Matter of CHARLES K. STODOLKA, Petitioner, v STARPOINT CENTRAL SCHOOL DISTRICT et al., Respondents. [900 NYS2d 521]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Niagara County [Ralph A. Boniello, III, J.], entered October 19, 2009) to annul a determination of respondents. The determination, inter alia, terminated the employment of petitioner.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination finding him guilty of disciplinary charges and terminating his employment as director of school facilities and operations of respondent Starpoint Central School District (School District) following a hearing pursuant to Civil Service Law § 75. We reject the contention of petitioner that he was denied due process when the Hearing Officer refused to adjourn the hearing based on petitioner's alleged medical condition (*see generally Matter of Frederick G. v New York State Cent. Register of Child Abuse & Maltreatment*, 53 AD3d 1075, 1076 [2008]). Petitioner did not respond in a timely manner to the Hearing Officer's reasonable request for medical documentation to support the adjournment, and the documentation that petitioner ultimately submitted does not support his contention that he was physically unable to attend the hearing (*see Matter of Rodriguez v Chassin*, 235 AD2d 832, 834 [1997]). In any event, the record establishes that petitioner was absent only for a portion of the direct examination of one witness and that he otherwise was present for the remaining 14 days of the hearing, including all cross-examination. We reject the further contention of petitioner that he was deprived of due process based on the fact that respondents served their bill of particulars after the commencement of the hearing. Petitioner did not request a bill of particulars from them until the day before the commencement of the hearing, and respondents served the bill of particulars before the second day of testimony, prior to the cross-examination of any witnesses.

Also contrary to petitioner's contention, respondents "did not have a duty to warn the petitioner that his conduct was improper prior to bringing a proceeding against him" (*Matter of Leotta v Hasl*, 134 AD2d 429, 430 [1987]). We note that, never-

theless, petitioner was repeatedly warned in his annual evaluations that he was required to arrive to work promptly at 8:00 A.M. and that his repeated and unexcused tardiness was unacceptable. Indeed, in a written memorandum from the School District's superintendent, petitioner was specifically warned that "further action w[ould] be taken" if he continued to be late to work. We further conclude that petitioner was not denied his right to due process based on the fact that a single witness testified at the hearing that petitioner was tardy more frequently than was specified in the bill of particulars. The notice of charges together with the bill of particulars adequately apprised petitioner of the nature of the charges against him, thereby enabling him to prepare and present a defense to the charges (*see generally* Civil Service Law § 75 [2]; *Matter of Fitzgerald v Libous*, 44 NY2d 660, 661 [1978]).

Finally, we conclude that the determination insofar as it is challenged by petitioner is supported by the requisite substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see* CPLR 7803 [4]), and that, under the circumstances of this case, the penalty of termination of employment is not "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Smeraldo v Rater*, 55 AD3d 1298, 1299 [2008] [internal quotation marks omitted]). Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.